364 A.2d 328
**COMMONWEALTH of Pennsylvania**
**v.**
**Edward HAGANS, Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

394

John W. Packel, Asst. Public Defender, Chief, Appeals Div., Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH JJ.

JACOBS, Judge:

Again we are asked to decide whether a delay caused by a co-defendant is chargeable to appellant for purposes of computing the 180-day period in which a defendant must be brought to trial under Pa.R.Crim.P. 1100. On the basis of *Commonwealth v. Brown,* —— Pa.Super. ——, ——, 364 A.2d 330, 332 (filed Sept. 27, 1976), where we held that "a delay caused by a co-defendant and not agreed to by a defendant cannot be charged to the defendant," appellant's judgment must be reversed.

A criminal complaint was filed against appellant, Edward Hagans, on January 8, 1975, charging him with burglary, robbery, theft, receiving stolen property, endangering the life of another person, and conspiracy. According to the time limits for trial set forth by Pa.R. Crim.P. 1100, appellant's trial should have commenced on or before July 7, 1975, assuming there were no delays occasioned by appellant. *See* Pa.R.Crim.P. 1100(d). On August 27, 1975 appellant presented a motion to dismiss the charges to the lower court because of the violation of the 180-day rule of Pa.R.Crim.P. 1100. The motion was denied and trial commenced on September 8, 1975 in which appellant was found guilty as charged. At no time were any extensions for the commencement of trial granted to the Commonwealth.

The lower court found that although appellant "did not actively request any continuances," he "stood idly by and was content to let William Hagans and Williamson [appellant's co-defendants] wage the delaying warfare." Opinion of court below at 5. The lower court further

stated: "From what appears before me, Edward Hagans [appellant] timely was tried because he did not meaningfully dissociate himself from his co-defendants' delays and accepted their benefits as a matter of trial tactics." *Id.* at 6. After subtracting the days of delay caused by the co-defendants from the total number of days it took to bring appellant to trial, it appears that appellant was tried within the 180-day period. For that reason the lower court denied appellant's motion to dismiss under Pa.R.Crim.P. 1100.

We would be inclined to agree with the lower court if the Commonwealth had presented affirmative evidence that appellant consented or gave the appearance of approval to the delays caused by the co-defendants. For example, in *Commonwealth v. Hickson*, 235 Pa.Superior Ct. 496, 344 A.2d 617 (1975), when defense counsel was asked whether a day which was in violation of Pa.R.Crim. P. 1100 was a satisfactory trial date, he replied, "Any day is fine with me, Your Honor." Under these circumstances, we held that defendant could not on appeal complain of the violation of Pa.R.Crim.P. 1100 when he "gave the appearance of approval to the court's scheduling the trial beyond the time limits" of Pa.R.Crim.P. 1100. *Id.* at 500, 344 A.2d at 618.

However, in the present case, there is no evidence that appellant made any statements or acted in any other manner that would indicate that he approved of the delays occasioned by his co-defendants. Rule 1100 does not create any further duty on the part of a defendant who is prosecuted by the Commonwealth along with his co-defendants in a joint trial to affirmatively disassociate himself from their delays. Instead, our Court has often noted "it is not the defendant's duty to bring himself to trial." *Commonwealth v. Adams*, 237 Pa. Super. 452, 457, 352 A.2d 97, 99 (1975). We disagree with the lower court and are of the opinion that a defendant may "idly stand by" and wait for the Common-

wealth to bring his case to trial. If the Commonwealth cannot bring a defendant who is free from delay to trial within the guidelines of Rule 1100 because of the delays of co-defendants, the burden should be on the Commonwealth to then either move for a severance, *see* Pa.R. Crim.P. 219, or request an extension under Pa.R.Crim.P. 1100(c). *See Commonwealth v. Brown,* supra.

Because of the violation of Pa.R.Crim.P. 1100, judgment is reversed and appellant is discharged.

PRICE, J., concurs in the result.