369 A.2d 879

COMMONWEALTH of Pennsylvania

v.

Curtis KELLY, Appellant.

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Nov. 22, 1976.

198

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is yet another case which concerns a violation of Pa.R.Crim.P. 1100.[1] The record indicates that the appellant was arrested and charged on October 14, 1973, for various serious crimes,[2] the nature of which are unimportant for the purpose of this decision. The events that followed appellant's arrest, however, illustrate a failure on the part of the prosecuting authorities in Philadelphia to bring the appellant to trial within the 270 day limit prescribed by the rule.[3]

Initially, we note that we must reject the manner in which the appellant and the Commonwealth have framed the Rule 1100 issue in this case. As our Supreme Court stated in *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), (Eagen, J., 1976), Rule 1100 is not worded in terms of "charging" either the Commonwealth or the accused with periods of delay. (at 8, 364 A.2d 694). The analysis that is required to be made by a lower court when faced with a motion to dismiss because of an alleged violation of the prompt trial rule, or by an appellate court on review, must be within the framework

1. Appellant also raises allegations of error relating to a hearsay objection, inconsistent verdicts, a violation of Rule 302, an excessive sentence and an improper verdict. Because we find a violation of Rule 1100 it will be unnecessary for us to decide these points.

2. Appellant was charged with rape, involuntary deviate sexual intercourse, kidnapping, criminal conspiracy, aggravated assault, and corruption of a minor. He was found guilty on all counts except the rape and involuntary deviate sexual intercourse charges.

3. The complaint against the appellant was filed before July 1, 1974, and therefore the Commonwealth had 270 days, until July 11, 1974, in which to bring the appellant to trial. Pa.R.Crim.P. 1100(a)(1).

and terminology of the Rule itself. Two exclusions are provided in subsection (d) of Rule 1100:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney;

"(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

Subsection (c) further provides for extensions of the mandatory period upon application by the Commonwealth where despite due diligence by the Commonwealth trial cannot be commenced within the temporal limitations of the Rule. We must therefore determine, when evaluating the multitude of delays that existed in this case, only whether each delay is one that is properly excluded under subsection (d) or was remedied by a timely application for an extension by the Commonwealth pursuant to subsection (c). If they were not, then the mandatory period is not affected. We shall discuss each delay in order.

As noted above, the appellant was arrested on October 14, 1973, and was not brought to trial until December 9, 1974, 420 days after his arrest. Consequently, in order that a violation of Rule 1100 be avoided it is necessary that 150 days of delay either be excluded or remedied by a timely application for an extension. *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976). The first trial date set by the lower court for appellant's trial was January 4, 1974 but for some "unknown reason" the case was listed again on January 16, 1974. This initial 94 day delay is obviously not excludable from the 270 day rule. On January 16, 1974 the case was

again continued to February 25, 1974 because co-defendant's counsel was unavailable.[4] On February 25th, again at the request of co-defendant's counsel, the case was continued until April 1, 1974, in order to obtain a report of a psychiatric examination of the victim. The Commonwealth would have us exclude the 39 day delay from January 17, 1974 to February 25, 1974, and the 35 day delay from February 26, 1974 to April 1, 1974.[5] This we refuse to do under the rationale of our decisions in *Commonwealth v. Brown*, 242 Pa.Super. 397, 364 A.2d 330 (1976) (Jacobs, J., 1976) and *Commonwealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976) (Jacobs, J., 1976). In the present case we can find no evidence, and the Commonwealth has not brought any to our attention, that the appellant made any statements or acted in any other manner that would indicate that he approved of the delays occasioned by his co-defendant. *Commonwealth v. Hagans,* supra; *see Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975). Absent affirmative evidence of such an agreement or approval Rule 1100 simply does not provide, by its express terms, for the exclusion of a period of delay caused by the unavailability of a co-defendant or his counsel. *Brown* and *Hagans* unequivocally state that the burden is on the Commonwealth when faced with delays caused by a co-defendant to move for a severance of the trial, *see* Pa.R. Crim.P. 219(d), or petition for an extension under Pa.R. Crim.P. 1100(c), so that the non-delaying co-defendant may be brought to trial within the mandatory period of Rule 1100. The Commonwealth failed to move for a sev-

4. Appellant claims that this delay was caused by the failure of Commonwealth witnesses to appear. Because we hold that this time period is not excluded it is unnecessary for us to resolve this inconsistency.

5. It is important to avoid, when computing the periods of delay, the counting of the same days twice. Therefore since the dates of January 16, 1974 and February 25, 1974 were counted in the delays in which they were the last day they should not be included when computing the next delay. The next continuances therefore run from January 17, 1974 and February 26, 1974, respectively.

erance, failed to petition for an extension of time, and has failed to affirmatively show that the appellant approved of the delay. The 74 day delay from January 17, 1974 to April 1, 1974 is thus includable in the running of the 270 day period.

On April 1, 1974 the case was again continued and listed for May 6, 1974 because of "courtroom unavailability" and on May 6, 1974 it was yet again continued until June 3, 1974 for the same reason. Our Supreme Court's ruling in *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) (Eagan, J., 1976) and *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976) (Roberts, J., 1976) clearly indicate that "judicial delay" may be a proper basis for an *extension* but it is not an implied exclusion within the wording of Rule 1100. The prosecuting authorities, however, must show due diligence in bringing the case to trial and obtain a timely court extension pursuant to 1100(c) or the case will be dismissed with prejudice. The rulings of *Shelton* and *Mayfield* are of no avail to the Commonwealth since at no time was a timely extension sought or granted. And as such the 63 day delay from April 2, 1974, to June 3, 1974, is not excluded or remedied by a timely extension.

On June 3, 1974, the case was deemed ready for trial and listed for June 17, 1974. On June 17, 1974 both sides answered ready and the case was continued to June 21, 1974 for motions. This 18 day delay is again clearly non-excludable in that it does not fall within either of the two express exclusions of 1100(d) nor was an extension sought by the Commonwealth. *Commonwealth v. Shelton,* supra; *Commonwealth v. Millhouse,* 239 Pa. Super. 445, 362 A.2d 398 (1976) (Hoffman, J., 1976). Thus, as of June 21, 1974, a period of 249 days had elapsed since the appellant's arrest. Of this amount, none of the delay is excludable or remedied by a timely extension by the Commonwealth.

■ The record is not clear as to what transpired on June 21, 1974. It appears from the briefs that a "continuance" was granted at the request of counsel for the appellant in order that a pre-trial psychiatric report on the appellant could be prepared. This delay was granted to July 24, 1974, a total of 33 days. However, the court docket states that on June 21, 1974 the 270 day rule was "stayed" until July 24, 1974. Because of subsequent delays we find it unnecessary to remand for an evidentiary hearing concerning this delay or decide whether there is a difference in effect between a "continuance" and a "stay." On July 24, 1974, the case was again continued until August 30, 1974, because the witnesses for the prosecution failed to appear. And on August 30, 1974, the case was again continued to September 13, 1974, because the police officers concerned with the case were on vacation. These delays totalling 51 days are not excludable, were not remedied by a timely application for an extension and push the total delay well beyond the 270 day limit.[6]

Judgment reversed and appellant discharged.

---

6. Because we have at this point found a violation of the 270 day rule it will be unnecessary for us to rule upon (a) a 54 day delay from September 13, 1974 to November 6, 1974 because counsel for a co-defendant was engaged in other work; (b) a specific waiver of Rule 1100 by the appellant from October 9, 1974 until November 6, 1974; (c) a two day delay from November 6, 1974 to November 8, 1974 for plea bargaining; (d) and a 31 day delay from November 8, 1974 to December 9, 1974 in order that a judge could make findings of fact on appellant's Rule 1100 motion.