392 A.2d 711

**COMMONWEALTH of Pennsylvania**

v.

**Walter GARNETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

David E. Auerbach, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Following a jury trial, appellant was found guilty on two counts of possession and possession with intent to deliver methamphetamine. In this appeal from the judgments of sentence imposed thereon, appellant advances two contentions: 1) that a police officer was improperly permitted to state an opinion at trial on a matter which required expert testimony;[1] and 2) that the lower court erred in denying appellant's motion to dismiss the charges because of an alleged violation of Pa.R.Crim.P. 1100. We vacate the judgments of sentence and remand to the lower court for a proper determination of the Rule 1100 issue.

On July 8, 1975, two criminal complaints were filed against appellant charging him with offenses arising from the sale of methamphetamine to Agent Walter Gambrell of the State Narcotics Bureau. Appellant was arrested six days later on July 14, 1975.[2] Pursuant to Pa.R.Crim.P. 1100(a)(2), trial had to begin within 180 days of July 8, 1975, or no later than January 5, 1976.[3] Since appellant was not tried until May 20, 1976, the period of delay must either be excluded from computation of the 180-day period under Rule 1100(d), or be justified by an order granting a *timely* application by the Commonwealth for an extension as authorized by Rule 1100(c). *Commonwealth v. Lamonna*, 473 Pa. 248, 252, 373 A.2d 1355, 1357 (1977).[4] *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976).

1. Because of our disposition of the Rule 1100 issue, we need not address this contention.

2. The trial judge incorrectly states in his opinion that the Rule 1100 period, in this case 180 days, began to run on July 14, 1975. *See* lower court opinion at 3. It is clear, however, that the relevant time period begins when the complaint is filed, not when the arrest is made. *Commonwealth v. Flores*, 247 Pa.Super. 140, 371 A.2d 1366 (1977); *Commonwealth v. Lewis*, 247 Pa.Super. 46, 371 A.2d 1318 (1977).

3. Since January 4, 1976 fell on a Sunday, the last day of the 180-day period was January 5, 1976. *See* 1 Pa.C.S.A. § 1908.

4. Appellant has preserved the Rule 1100 issue by filing a petition for dismissal on April 2, 1976. *See Commonwealth v. Wallace*, 475 Pa.

■ Here, however, the only application for extension by the Commonwealth was filed on January 7, 1976, or 2 days after the normal time for trial had expired (185 days after the filing of the complaints).[5] The Commonwealth was given a 90 day extension to April 4, 1976. The Commonwealth must, of course, file the application for extension in a timely manner. *Commonwealth v. Burton*, 246 Pa.Super. 498, 371 A.2d 946 (1977). No such application will be granted *nunc pro tunc*. *Commonwealth v. Wharton*, 250 Pa.Super. 25, 378 A.2d 434 (1977). However, a petition for extension which is filed within the initial period of 180 days plus any time excludable under Rule 1100(d) is timely, *Commonwealth v. Burton*, 246 Pa.Super. 498, 501, 371 A.2d 946, 948 (1977). We must therefore determine whether any of the delay from July 8, 1975 to January 7, 1976 may be attributed to the unavailability of appellant or his counsel or to continuances requested by appellant. *See* Pa.R.Crim.P. 1100(d).

■ We are hampered in making this determination by the inadequacy of the record. Although Rule 1100(c) requires that a hearing be held on the application for extension, the record does not disclose whether appellant received notice of the 1100(c) proceedings or even whether a hearing, *ex parte* or otherwise, was held.[6] The lower court's opinion and appellee's brief indicate that this case was originally listed for trial on December 9, 1975, but that on December 11, 1975 appellant requested, and was granted, a continuance "due to the unavailability of [appellant] and his attorney." Lower court opinion at 3. Thus the question becomes

27, 379 A.2d 558 (1977); *Commonwealth v. Lewis*, 253 Pa.Super. 442, 385 A.2d 420 (1978). *See also Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975).

5. Although the lower court opinion and appellee's brief state that the petition for extension was filed on January 9, 1976, the record reveals that it was filed on January 7, 1976. The petition was granted on January 12, 1976 and an order entered extending the time for trial until April 4, 1976.

6. We cannot, therefore, conclude that appellant waived his 1100 claim by failure to contest the Commonwealth's petition. *Compare Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977).

whether any of this time between December 11, 1975 (the date the continuance was granted) and January 12, 1976 (the first available trial date after the continuance was granted) may be excluded under Rule 1100(d).[7]

The lower court's opinion deals rather summarily with this issue by stating that the delay was "in [no] way caused by a lack of due diligence on the part of the Commonwealth. . . . [T]he [delay was] solely attributable to . . . the unavailability of the Defendant on his counsel. . . ." Lower court opinion at 5. It thus appears that the trial judge was of the opinion that the entire 32-day period from December 11, 1975 to January 12, 1976 (the date to which the case was continued) was automatically excludable from the computation of the permissible 180 day time lapse between the filing of the complaint and trial. *See* Pa.R. Crim.P. 1100(d)(1).[8] We think, however, that section (d)(2) of Rule 1100 is applicable in the instant case. That section provides for the automatic exclusion of periods of delay occasioned by "any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that *only the period beyond the thirtieth (30th) day* shall be so excluded." Pa.R.Crim.P. 1100(d)(2) (emphasis added). *See Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977). Since, pursuant to Rule 1100(d)(2), only two days of this period are excludable, January 7, 1976 was the last day on which the Commonwealth could have filed an

7. Rule 1100(d) provides:
   (d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney;
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded; Pa.R.Crim.P. 1100(d).
   The mere failure of appellant to object to the lower court's listing of the case for trial after the 180-day period has expired does not constitute waiver. *Commonwealth v. Taylor*, 254 Pa.Super. 211, 385 A.2d 984 (1978). *Compare Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975).

8. There is, however, nothing in the record to indicate that appellant was unavailable within the meaning of Rule 1100(d)(1).

application for extension. The application filed on January 7, 1976 was therefore timely.

Turning to the merits of the extension petition, we recognize that the entire period of delay resulting from a continuance requested by the defense is a factor to be considered in determining whether the Commonwealth has exercised due diligence and is, as a result, entitled to an extension. *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 253, 372 A.2d 444, 448 (1977). The problem in this case is that the record is so incomplete as to provide virtually no basis for determining whether the Commonwealth in fact exercised due diligence in attempting to bring appellant to trial.[9] As previously stated, it appears that the 90-day extension granted on January 12, 1976 was allowed without notice to appellant or a hearing on the Commonwealth's petition. On this ground alone we must, therefore, remand for a hearing on the 1100(c) petition; appellant must, of course, be given notice of the hearing and an opportunity to be heard thereon. If, after the hearing, the lower court determines that the extension was improvidently granted, appellant must be discharged.

If, on the other hand, it is determined upon remand that the extension was properly granted, the lower court must consider later alleged violations of Rule 1100. The court's order of January 12, 1976 extended the time for trial to April 4, 1976. Although appellant was not tried until May 20, 1976,[10] the Commonwealth filed no further petitions for extension. The lower court states in its opinion that on February 10, 1976, appellant or his trial counsel requested another continuance, apparently until March 9, 1976, and at the same time waived his Rule 1100 rights. Lower court

9. We have in the past expressed our concern with the lack of transcribed Rule 1100 proceedings. *See Commonwealth v. Wareham*, 256 Pa.Super. 23, 389 A.2d 581 (1978); *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977).

10. The lower court states that trials scheduled for January 12th to 16th, March 6th, April 2nd and April 22nd were not held because of a lack of court rooms. Lower court opinion at 4.

opinion at 4. It appears that no written waiver by appellant or his counsel, or request for continuance, is contained in the record, however.[11] Thus, even if upon remand it is determined that trial could have been held as late as April 4, 1976, the trial court must complete the record and substantiate its finding of waiver. Otherwise appellant is entitled to be discharged.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

SPAETH, J., concurs in the result.

PRICE, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

11. Appellant denies that any such 26-day continuance was requested by him. Appellant's brief at 9.