394 A.2d 470

**COMMONWEALTH of Pennsylvania**

v.

**Edward HAGANS.**

**COMMONWEALTH of Pennsylvania**

v.

**Curtis KELLY.**

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1978.

Decided Nov. 18, 1978.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Jane Cutler Greenspan, Asst. Dist. Atty., Philadelphia, for appellant.

John W. Packel, Asst. Defender, Chief, Appeals Div., Philadelphia, for Edward Hagans.

John W. Packel, Asst. Defender, Chief, Appeals Div., Leonard Sosnov, Asst. Defender, Philadelphia, for Curtis Kelly.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX, MANDERINO and LARSEN, JJ.

### OPINION OF THE COURT

NIX, Justice.

At the request of the Commonwealth we have granted
review of these two orders of the Superior Court (*Common-
wealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976)),
and (*Commonwealth v. Kelly*, 246 Pa.Super. 196, 369 A.2d
879 (1976)), because they present a significant question in
the computation of the time in which a defendant must be
brought to trial under Pennsylvania Rule of Criminal Proce-
dure 1100. The precise issue raised is whether the failure of
a defendant to object to a delay caused by a co-defendant or
the co-defendant's counsel permits that period to be exclud-
ed under section (d) of Rule 1100 in the computation of the
period in which the defendant must be tried. In view of the
limited issue presented and the absence of a factual dispute
we may here dispense with a detailed recitation of the
circumstances of the arrests and the procedural histories
that followed in each case.[1] It is sufficient for our purposes
that the period of delay in question was not occasioned by
instant appellees or their counsel and that the failure to
exclude this period from the computation would result in a
finding that trial commenced beyond the period required
under Rule 1100. In each instance the trial courts accepted
the view that the appellees' acquiescence in the delays
justified exclusion under section (d). The Superior Court
reversed, holding that absent affirmative evidence of an
agreement or approval of the delay, section (d) does not
provide for the exclusion where the delay was caused by the

1. The facts of the individual cases and the computation of the time
   required to try each case has been set forth fully in the Superior
   Court and trial court opinions.

unavailability of a co-defendant or his counsel. We now affirm for the reasons that follow.[2]

Section (d) provides:

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded;"

Appellant would have us interpret the language of this section as requiring a defendant to resist a continuance caused by his co-defendant or his co-defendant's counsel. We are urged to find that his acquiescence should be construed as a participation in the delay on his part for which he should be held accountable and that the Commonwealth should be viewed as being without fault. Addressing first the latter part of this premise, it must be observed that Rule 1100 expressly provides an opportunity for the Commonwealth to file a timely request for an extension of the time for the commencement of trial, where good cause for such a request is present.[3] In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), we stressed that section (c) provided the Commonwealth with an adequate procedural method to protect its right to effectuate a timely prosecution and that

2. Jurisdiction for these appeals is provided by section 204 of the Appellate Court Jurisdiction Act, July 31, 1970, P.L. 673, No. 223, art. II, § 204, 17 P.S. § 211.204(a) (Supp.1978–79).

3. Section (c) provides:
    "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

there was no need to distort the clear language of section (d) to provide additional exclusions. *See* also *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976). It cannot be legitimately argued that the Commonwealth is free from fault where it had available an adequate remedy which it failed to utilize. When it became apparent that the continuances and delays of co-defendants and their counsel might jeopardize the prosecution against the appellees, it was then the responsibility of the Commonwealth to proceed under the provisions of section (c) to secure sufficient time to assure a timely prosecution. At that juncture the defense would properly have been put to an election between the acceptance of an extension order or the agreement to a severance.

The first leg of appellant's argument would have us decide that it was the appellees' responsibility in the first instance to move for a severance. The obvious weakness of this position is that there is nothing in the language of section (d) which would support such an obligation. In the clearest possible terms section (d) provides for only two situations which will justify exclusions from the computation of the mandatory period—neither is here applicable. *Commonwealth v. Shelton, supra; Commonwealth v. O'Shea, supra.* To hold that appellees are to be deemed unavailable because of a delay caused by a co-defendant or that they should be held responsible for a continuance which they did not request, would require a deliberate distortion of the language of section (d). Further, we are not impressed by the reasoning offered in support of such a construction of the section. The Commonwealth would have us assume that these appellees necessarily benefited from the delaying tactics of their co-defendants and proceed to argue that it would be unfair not to hold them accountable for the period of time that expired. Even if we were inclined to indulge in that sort of speculation, which we are not, it does not follow that the possibility of a fortuitous benefit must give rise to an obligation on the part of appellees to affirmatively disassociate themselves. While it is true that dilatory practices of

parties or their counsel are not to be countenanced, *Commonwealth v. Ross*, 465 Pa. 421, 350 A.2d 836, n. 3 (1976), it would be unjustified to hold one accountable who was not responsible for those tactics even if some accidental benefit inured to him as a result.[4]

In interpreting the provisions of Rule 1100 we must not lose sight that the Rule was promulgated to meet the State's responsibility to afford an accused a speedy trial. *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In this context it must be remembered that the accused has no duty to bring himself to trial, but rather the State has that obligation, which it must discharge with reasonable dispatch. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). Consistent with these principles, Rule 1100 places the obligation upon the Commonwealth to commence trial no later than the prescribed time, unless excused upon a showing of due diligence. *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). The defense is only charged for delays caused by the defendant himself or his counsel. To expand upon this obligation by requiring him to resist dilatory actions by his co-defendants requires the imposition of a responsibility at odds with the aforementioned principles. *See Commonwealth v. Cardonick*, 448 Pa. 322, 292 A.2d 402 (1972).

While it is always regrettable to have a prosecution terminated before a final judgment on the merits is obtained, this result could have been avoided if the Commonwealth had followed the provisions of the Rule and had made a timely application under section (c). As unfortunate as this situation might be, it certainly does not justify the adoption of an interpretation which ignores the clear and unambiguous

4. Acceptance of the appellees' "benefit" theory could lead to the frustration of the purpose of the Rule. It requires only a simple step to proceed to the position that although the delay resulted from the Commonwealth's lack of due diligence, it should be discounted because of the benefit which the defendant received therefrom.

language of the Rule and tends to frustrate the philosophy that inspired its promulgation.

Orders of the Superior Court affirmed and the appellees are discharged.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent as to the merits; additionally new interpretations by the majority of this Court of Rule 1100 should be prospective *only* in their application.