419 A.2d 638

**COMMONWEALTH of Pennsylvania**

v.

**Floyd GARRISON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed April 3, 1980.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

■ Appellant was convicted of statutory rape (18 Pa.C. S.A. § 3122) and corruption of minors (18 Pa.C.S.A. § 3125). On appeal he argues that his right to a speedy trial under Pa.R.Crim.P. 1100 was violated and that he should therefore be discharged.[1]

1. Appellant also argues that he is entitled to a new trial because of the following trial errors: 1) the lower court abused its discretion in cross–examining defense witnesses and in charging the jury as to its personal belief in the truthfulness of the prosecuting witnesses; 2) the lower court deprived appellant of a fair trial by twice citing appellant's counsel for contempt and informing the jury of newspaper accounts of the contempt citations; 3) the lower court erred in allowing the introduction of allegations of unrelated criminal conduct by the defendant; 4) the district attorney improperly testified and misrepresented the evidence during trial and closing argument; and 5) the lower court erred in allowing police testimony concerning an alleged alias of appellant. Because of our disposition of appellant's Rule 1100 claim we find it unnecessary to reach these claims.

The Commonwealth, citing *Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503 (1978), argues that appellant has waived his Rule

A criminal complaint charging appellant with rape, statutory rape, and corruption of minors was filed on August 1, 1975.[2] On August 5, 1975, appellant was arrested. On August 13, a preliminary hearing was held, and on August 28, indictments were returned against appellant. A pretrial conference was held on September 19, 1975, and the case was continued until October 16. On October 16, the case was again continued, this time to November 17, because the notes of the preliminary hearing were unavailable. On November 17, the case was listed for trial on December 29, 1975. The record states, and both parties represent, that on December 29, trial was continued until February 9, 1976, because appellant was "not brought down" from prison. On February 5, appellant filed an application pursuant to Pa.R. Crim.P. 1100(f) alleging that his rights under the Rule had been violated and requesting dismissal of the charges. A hearing on the application was held on February 24, at which time it was denied by the lower court. At the February 24 hearing, after the denial of appellant's application, the Commonwealth, over appellant's objection, orally moved the court for an extension of time to commence trial pursuant to Pa.R.Crim.P. 1100(c). The court granted the

1100 argument by failing to raise it in his Memorandum of Law in Support of Post Verdict Motions. In *Williams*, the defendant alleged trial error in written post–verdict motions, but because his "counsel . . . neither briefed nor argued [defendant's] contention of trial error at the trial court's hearing on post–trial motions," and thus deprived the trial court of "the benefit of counsel's legal theory underlying the assertion of error," it was held that the error was not preserved for appeal. 476 Pa. at 570, 383 A.2d at 509. Here appellant raised his Rule 1100 argument in written post–verdict motions. In addition, the lower court's opinion states explicitly that appellant presented his Rule 1100 argument at the trial court's hearing on the post–verdict motions. Slip op. of the lower court at 8. In these circumstances, appellant's Rule 1100 argument is not waived even if he failed to make it in his written memorandum. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978); *Commonwealth v. Vaughn*, 475 Pa. 227, 380 A.2d 326 (1977).

2. Appellant maintains in his brief that the complaint was filed on July 24, but he is mistaken. The alleged offense occurred on July 24; the criminal complaint was sworn before a municipal court judge on August 1.

oral motion and extended the time for trial until April 10, 1976. Trial commenced on March 22, 1976.

According to the lower court's calculations, Pa.R.Crim.P. 1100(a) permitted the Commonwealth until February 2, 1976, to try appellant.[3] The lower court found, however, that the continuances granted on September 19 and October 16 had been granted at appellant's request, and that of the fifty–nine day delay resulting from the continuances, twenty–nine days had to be excluded under Rule 1100(d)(2).[4] The court therefore ruled that the mandatory period did not end until March 2, 1976, and dismissed appellant's application.

■ Appellant argues that the evidence at the February 24 hearing was insufficient to show that he requested either

**3.** The lower court's calculation was clearly in error, since the court counted 180 days from August 5, the date of appellant's arrest. In fact, the mandatory period under Pa.R.Crim.P. 1100(a) began Aug. 1, 1975, the date that the criminal complaint was filed against appellant, and ended on January 28, 1976. *See e. g., Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Garnett,* 258 Pa.Super. 115, 392 A.2d 711 (1978); *Commonwealth v. Flores,* 247 Pa.Super. 140, 371 A.2d 1366 (1977). Appellant, however, represented to the lower court in his application to dismiss the indictments under Rule 1100(f) that the complaint was not filed until August 5, 1975. Given our disposition below, it is unnecessary for us to decide whether the Commonwealth is entitled to have the five day period of August 1 to August 5 excluded because of appellant's failure to contest it at the February 24 hearing. *See generally Commonwealth v. Flores, supra.*

Assuming that the mandatory period should be counted from August 5, 1975, it may be noted that the 180th day was February 1, 1976. Since this was a Sunday, the Commonwealth had until the following day to commence appellant's trial. *Commonwealth v. Simpson,* 269 Pa.Super. 124, 409 A.2d 95 (1979).

**4.** Pa.R.Crim.P. 1100(d)(2) provides:

In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as result from:

*        *        *        *        *        *

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded . . .

the September 19 or the October 16 continuance.[5] We reject appellant's argument concerning the October 16 continuance, for in his application to dismiss the indictments under Rule 1100(f), appellant represented to the lower court that the continuance from October 16 to November 17 was granted at his request. Appellant's argument concerning the September 19 continuance, however, is another matter.

At the February 24 hearing, the lower court stated:

The case was continued on September 19, 1975, to October 16, 1975, a period of twenty–seven days, for a pre–trial Question of Fact.

The Court finds this to be a joint continuance and, in a joint continuance, is also a defense continuance, so that twenty–seven days I am finding as a defense continuance, although it does not toll the Rule, being the first twenty–seven days of thirty.

\* \* \* \* \* \*

The records reflect a pre–trial Question of Fact. It does not say by whom, but where there is a pre–trial Question of Fact, the Court is inferring from the records–

5. Appellant does not argue that even if both the September 19 and the October 16 continuances were granted at his request, the lower court nevertheless erred by lumping together the delays caused by the two continuances and then excluding from the mandatory period all delay in excess of thirty days. In fact, such lumping would seem to have been clear error, for Pa.R.Crim.P. 1100(d)(2) has been interpreted to provide that the first thirty days of every defense continuance must be included in the mandatory period, no matter the number of defense continuances. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Boyd*, 271 Pa.Super. 88, 412 A.2d 588 (1979); *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977), *aff'd*, 263 Pa. 149, 397 A.2d 790 (1979). Here two continuances were involved. The first continuance (from September 19 to October 16) was twenty–seven days; thus none of this period could be excluded. The second continuance (from October 16 to November 17) was thirty–two days; thus it appears that only two days (and not twenty–nine as maintained by the lower court) could be properly excluded from the mandatory period.

However, because we agree with appellant that the evidence was insufficient to show that the September 19 continuance was granted at his request, and have concluded that this holding is dispositive, we need not decide whether appellant has waived any argument based on the above line of cases.

from the evidence in front of the Court, that that was a joint request. If either side is prepared to present contrary evidence, of course it would be admissible and relevant.

No evidence, other than the Quarter Sessions file which the lower court was obviously reading, was introduced at the February 24 hearing on the issue of who (appellant, the Commonwealth, or the court) had requested the continuance on September 19. We have examined the record and have discovered no evidence on this issue, other than a cryptic notation indicating that the case was continued from September 19 to October 16 "for pre–trial conf."

It is settled that the Commonwealth had the burden of proving that any delays beyond February 2 were to be excluded in computing the mandatory period. *E. g., Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Davis*, 261 Pa.Super. 204, 395 A.2d 1388 (1978); *Commonwealth v. Clark*, 256 Pa.Super. 456, 390 A.2d 192 (1978). Moreover, although "in reviewing a hearing court's ruling that the Commonwealth has met its burden, we shall consider only the evidence presented by the Commonwealth and so much evidence as presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted," *Commonwealth v. Mitchell, supra*, 472 Pa. at 564, 372 A.2d at 831, it is clear that by inferring from a silent record that appellant was the one who requested the September 19 continuance, the lower court erred. Since the Commonwealth was given the opportunity to introduce evidence at the February 24 hearing to show that the delay caused by the continuance was caused by appellant, but failed to introduce any such evidence, the court should not have considered this delay in determining the number of days to be excluded from the 180 day mandatory period. It follows, therefore, that at most only two days of the October 16 continuance should have been excluded under Rule 1100(d)(2) from the mandatory period.

■ The Commonwealth argues that the lower court properly denied appellant's Rule 1100(f) application because appellant "on December 29, 1975, acquiesced in the scheduling of his trial for a date beyond the mechanical expiration date, to February 9, 1976." Commonwealth's Brief at 19. In *Commonwealth v. Lovera*, 248 Pa.Super. 439, 441, 375 A.2d 178, 179 (1977), this court unanimously held that a defendant has no duty to object to the scheduling of his trial beyond the period prescribed by Rule 1100, so long as he does not make "any statements or act in any other manner to indicate that he approve[s] of or accept[s] the delay." *See also Commonwealth v. Garnett*, 258 Pa.Super. 115, 392 A.2d 711 (1978); *Commonwealth v. Taylor*, 254 Pa.Super. 211, 385 A.2d 984 (1978). The Commonwealth does not allege that appellant acted in any manner to indicate that he approved of the delay. Indeed, from the record and the representations of both parties, it appears that the only reason appellant was not tried on December 29 was the Commonwealth's failure to bring appellant from prison to the courtroom. It was not appellant's obligation to bring himself to trial, but the Commonwealth's. *E. g., Commonwealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976), *aff'd*, 482 Pa. 572, 394 A.2d 470 (1978); *Commonwealth v. Adams*, 237 Pa.Super. 452, 352 A.2d 97 (1975).

■ The Commonwealth also argues that "[o]n February 5, 1976, [appellant] filed his petition to dismiss, causing his trial to be delayed until March 19 (when he requested a jury trial, which began three days later on March 22). . . . [S]ince [appellant's] February 5 petition prevented the trial from commencing as scheduled on February 9, [appellant] cannot now complain of a violation of Rule 1100." Commonwealth's Brief at 19–20. We have consistently held, however, that "Rule 1100 does not exempt pre–trial motions (other than a motion for a continuance) from the relevant time period." *Commonwealth v. Millhouse*, 239 Pa.Super. 445, 451, 362 A.2d 398, 401 (1976), *rev'd on other grounds*,

470 Pa. 512, 368 A.2d 1273 (1977). *See also Commonwealth v. Goodman*, 260 Pa.Super. 266, 393 A.2d 1256 (1978); *Commonwealth v. Delauter*, 257 Pa.Super. 510, 390 A.2d 1354 (1978); *Commonwealth v. Mancuso*, 247 Pa.Super. 454, 372 A.2d 444 (1977). Thus, while appellant's application under Rule 1100(f) may have given the Commonwealth grounds for filing a timely Rule 1100(c) petition for an extension of time to commence trial, *Commonwealth v. Millhouse, supra,* any delay caused by the application may not be excluded from the mandatory period.[6] For the same reason, we must also reject the Commonwealth's argument that the fifty–two day delay between November 17 and December 29 may be excluded from the mandatory period because appellant requested a non–jury trial.

The record shows that the Commonwealth proved that only one continuance–from October 16 to November 17–was granted at the request of appellant. Thus, under Pa.R. Crim.P. 1100(a)(2), only two days can be excluded from the computation of the mandatory period under Rule 1100(a)(2). The original mandatory period ended February 2. With the exclusion of two days, the Commonwealth was required to bring appellant to trial by February 4. The Commonwealth failed to do this, and on February 5 appellant filed an

**6.** Moreover, the Commonwealth's argument misses the point of appellant's Rule 1100(f) application. When appellant filed his application on February 5, the mandatory period had already expired. Any delay appellant's application may have caused did not affect his right to vindicate the violation of his Rule 1100 rights that occurred before February 5.

In addition, we note that *Commonwealth v. Robinson*, 238 Pa.Super. 508, 362 A.2d 1005 (1976), cited by the Commonwealth, is not inconsistent with the principles stated above in the text. In *Robinson*, a majority of this court held that if a defendant improperly files a Rule 1100(f) petition prior to the expiration of the original mandatory period, and also obtains a stay of all proceedings pending disposition of the petition, the period between the filing of the petition and its disposition shall be excluded from the mandatory period. As explained by this court in *Commonwealth v. Mitchum*, 259 Pa.Super. 161, 393 A.2d 767 (1978), where the defendant does not obtain a stay of the proceedings, the delay may not be excluded. In the present case, appellant did not obtain a stay, nor, it may be noted, did he file his petition within the original mandatory period.

application under Rule 1100(f) to dismiss the indictments. The lower court should have granted this application.[7]

Judgment of sentence reversed and appellant is discharged.

7. It may be noted that the Commonwealth's oral petition on February 24 for an extension of time to commence trial was ineffective. Appellant contends that such a petition may never be presented orally and without prior notice to the defendant, but we need not reach these contentions, for the petition was untimely. *See, e. g., Commonwealth v. Shelton*, 469 Pa. 8, 362 A.2d 694 (1976); *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975); *Commonwealth v. Garnett, supra; Commonwealth v. Wharton*, 250 Pa.Super. 25, 378 A.2d 434 (1977).