COMMONWEALTH of Pennsylvania

v.

Gary JACKSON, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 21, 2000.

Filed Dec. 21, 2000.

Victor M. Snyder, Philadelphia, for appellant.

Catherine L. Marshall, Asst. District Atty., for Com., appellee.

* President Judge Emeritus CIRILLO did not participate in the consideration or decision of this case.

1. Rule 1100(g) provides that a defendant out on bail after the expiration of 365 days may at any time before trial apply for dismissal of charges with prejudice on the grounds of a violation of Rule 1100. Pa.R.Crim.P. 1100(g),

Before FORD ELLIOTT, JOYCE, JJ., and CIRILLO, President Judge Emeritus.*

FORD ELLIOTT, J.:

¶ 1 This is an appeal following remand so that the trial court could hold a hearing to determine whether the Commonwealth acted with due diligence, as required by Pa.R.Crim.P. 1100(g). The trial court concluded that the Commonwealth did, in fact, act with due diligence and therefore denied appellant's motion to dismiss. We affirm, albeit based on an analysis different from that articulated by the trial court. *See Commonwealth v. Harper*, 416 Pa.Super. 608, 611 A.2d 1211, 1213 n. 1 (1992) (this court "may affirm the decision of the trial court if there is any basis on the record to support the trial court's action. This is so even if we rely upon a different basis in our decision to affirm[ ]") (citations omitted). The relevant factual and procedural history of this case follows.

¶ 2 The Commonwealth filed a criminal complaint on January 29th and 30th, 1995, charging appellant with robbing two groups of teenagers at gunpoint. The Commonwealth moved to consolidate appellant's case with that of his alleged co-conspirator, Frederick Brooks, following Brooks' arrest on January 19, 1996. On December 12, 1996, appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 1100, claiming that more than 365 days had elapsed since the Commonwealth filed its complaint, and requesting that charges against him be dismissed pursuant to Pa. R.Crim.P. 1100(g) or that he be released on nominal bail pursuant to Pa.R.Crim.P. 1100(e).[1] The trial court denied the motion.

42 Pa.C.S.A. The supreme court has also applied this Rule to defendants who are not entitled to bail. *See Commonwealth v. Hill*, 558 Pa. 238, 250, 736 A.2d 578, 584 (1999) (assuming without deciding that dismissal is available to capital defendants, citing *Commonwealth v. Cook*, 544 Pa. 361, 373 n. 11, 676 A.2d 639, 645 n. 11 (1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 967, 136 L.Ed.2d

Following a consolidated jury trial in March 1997, appellant was convicted of five counts of robbery, two counts of possessing an instrument of crime, and one count of carrying a firearm on a public street in the City of Philadelphia.[2] He was sentenced to an aggregate sentence of 11 to 22 years in prison.

¶ 3 Appellant appealed his conviction, arguing that the charges against him should have been dismissed pursuant to Pa.R.Crim.P. 1100 because trial did not commence within 365 days of the Commonwealth's filing the criminal complaint. In response, the trial court filed an opinion, outlining the periods that tolled the mechanical run date of January 30, 1996 for purposes of the Rule.[3] (*See* trial court opinion, 3/4/98 at 3–7.) This court concluded that the trial court erred when it denied appellant's Rule 1100 motion without holding a hearing to determine whether the Commonwealth acted with due diligence between December 3, 1996, when appellant's co-defendant requested new counsel, and March 10, 1997, the date for which trial was rescheduled. *Commonwealth v. Jackson*, No. 3837 Philadelphia 1997, unpublished memorandum at 3–4 (Pa.Super. filed June 15, 1999). As a result, we remanded for a hearing. *Id.* at 5.

¶ 4 The trial court held the "due diligence" hearing on October 14, 1999 and found that the Commonwealth acted with due diligence during the period in question. As a result, the court denied appellant's motion to dismiss, and this timely appeal followed. Appellant raises the following issues on appeal:

1. Whether appellant is entitled to Arrest of Judgment as a result of the trial court's failure to dismiss charges pursuant to Pa.R.Cr.P. # 1100(a)(3)?

2. Whether the trial court erred in ruling that the Commonwealth had exercised due diligence, by opposing severance of appellant's trial from the trial of the codefendant, when codefendant's delays were being attributable [sic] to appellant?

3. Whether the trial court erred in denying appellant's motion for severance of trials?

Appellant's brief at 4.

¶ 5 In evaluating Rule 1100 issues, we review a trial court's decision for an abuse of discretion. *Commonwealth v. Hill*, 558 Pa. 238, 244, 736 A.2d 578, 581 (1999), citing *Commonwealth v. Matis*, 551 Pa. 220, 227, 710 A.2d 12, 15 (1998) (other citation omitted). "The proper scope of review in determining the propriety of the

---

851 (1997), and *Commonwealth v. Spence*, 534 Pa. 233, 243 n. 4, 627 A.2d 1176, 1181 n. 4 (1993).)

Rule 1100(e) provides that a defendant held in excess of 180 days of pretrial incarceration on a given case, excluding time set forth in Rule 1100(c), is entitled on petition to immediate release on nominal bail. Pa.R.Crim.P. 1100(e), 42 Pa.C.S.A.

"Rule 1100(c) provides that in determining the period for the commencement of trial, delays resulting from the unavailability of the defendant should be excluded from the Rule 1100 calculation.... [D]elays caused by pretrial motions constitute excludable time where the pretrial motion renders the defendant unavailable." *Hill, supra* at 251, 736 A.2d at 584–585, citing *Commonwealth v. Chilcote*, [396 Pa.Super. 106,] 578 A.2d 429, 432 (1990), *appeal denied*, 527 Pa. 615, 590 A.2d 756 (1991). *See* discussion *infra*,

**2.** 18 Pa.C.S.A. §§ 3701; 907, 6108, respectively. Appellant's co-defendant was acquitted of all charges.

**3.** As our supreme court explained in Cook, *supra* :

The mechanical run date is the date by which the trial must commence under Rule 1100. It is calculated by adding 365 days ... to the date on which the criminal complaint is filed.... [T]he mechanical run date can be modified or extended by adding to the date any periods of time in which the delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date. *Cook, supra* at 372 n. 12, 676 A.2d at 646 n. 12. *But see Commonwealth v. Africa*, 524 Pa. 118,, 569 A.2d 920, 922 (1990) (mechanical run date for incarcerated defendant was 180 days after the complaint was filed).

trial court's ruling is limited to evidence on the record of the Rule 1100 evidentiary hearing and the findings of the lower court." *Hill, supra* at 244, 736 A.2d at 581 (citations omitted). "In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party." *Id.* (citations omitted).

¶ 6 The gravamen of appellant's first two issues on appeal is that the Commonwealth did not act diligently because it opposed a severance of appellant's trial from that of his alleged co-conspirator, Frederick Brooks, when appellant's adjusted run date was approaching and Brooks requested new counsel. (Appellant's brief at 8.) According to appellant, the delays resulting from the consolidation are not excludable for purposes of Rule 1100. (*Id.* at 9.) In order to address appellant's argument, we must first discuss two cases that are relevant to its disposition.

¶ 7 In March of 1998, when the trial court filed its first opinion, this court had recently decided *Commonwealth v. Zaslow,* 448 Pa.Super. 289, 671 A.2d 707 (1996), *appeal denied,* 546 Pa. 680, 686 A.2d 1310 (1996). Zaslow sought to sever his trial from that of one of his co-conspirators, whose competency to stand trial was continually being re-evaluated, resulting in lengthy delays. Due to the complex nature of the case, the overlapping allegations against the four co-defendants, and the need for the same witnesses in each case, the Commonwealth opposed each of Zaslow's six motions to sever. When Zaslow moved to dismiss the charges against him based on Rule 1100, the trial court granted the motion. This court reversed, however, and held that the period of delay attributable to Zaslow's co-defendant was *excludable* from the Rule 1100 calculation because the Commonwealth exercised due diligence. *Id.* at 708–712.

¶ 8 In this case, the trial court relied on *Zaslow,* as well as the coordinate jurisdiction rule, when it excluded the period of time between December 3, 1996 and March 10, 1997 from its Rule 1100 calculation.[4] (Trial court opinion, 3/4/98 at 7–10.) This court also relied in part on *Zaslow* when it remanded for an evidentiary hearing to determine whether the Commonwealth had been duly diligent during that time period, thereby justifying the trial court's decision to exclude those 95 days when making its Rule 1100 calculation. *See Jackson* (Pa.Super., No. 3837 Philadelphia 1997, memorandum filed June 15, 1999) at 2–3.

¶ 9 By the time the trial court held the evidentiary hearing in October of 1999, however, the supreme court had decided *Hill, supra. Hill* involved two appeals from this court's orders affirming the denial of motions to dismiss; one involving Vernon Hill and one involving George Cornell. In Vernon Hill's appeal, the supreme court held that, for purposes of Rule 1100(c), a defendant is only unavailable for trial because he has filed pretrial motions if the Commonwealth demonstrates by a preponderance of the evidence that it exercised due diligence in opposing or responding to the pretrial motions. *Hill, supra* at 256, 736 A.2d at 587.

¶ 10 Cornell's appeal, in contrast, required the *Hill* court to determine whether periods of delay caused by a co-defendant were properly excluded for purposes of determining the adjusted Rule 1100 run date. In finding that such periods are not excludable, the *Hill* court sharply criticized *Zaslow,* on which the panel of this court deciding Cornell's appeal had relied, finding *Zaslow* in direct conflict with prior supreme court precedent. *Hill, supra* at 263, 736 A.2d at 590–591, citing *Commonwealth v. Hagans,* 482 Pa. 572, 394 A.2d 470 (1978). As the supreme court observed, "In *Hagans,* this Court clearly

---

4. Because of our disposition of this case, we need not address the coordinate jurisdiction rule.

held that the delays caused by a co-defendant do not constitute excludable time under Rule 1100." *Hill, supra* at 260–261, 736 A.2d at 591, citing *Hagans, supra* at 576–577, 394 A.2d at 472. As a result, the *Hill* court reviewed the days the trial court had excluded for purposes of Rule 1100 in Cornell's case on the ground that his co-defendant's pretrial motions were pending. *Hill, supra* at 263, 736 A.2d at 591.

¶ 11 The *Hill* court found that the trial court had properly excluded 727 of the 876 days at issue because Cornell also had pretrial motions pending during that time *and* because the Commonwealth had exercised due diligence in opposing those motions. *Hill, supra* at n. 9, 736 A.2d at 591 n. 9, citing its analysis in Vernon Hill's case. The court found, however, that the remaining 149 days, during which only Cornell's co-defendant had pretrial motions pending, were not excludable under *Hagans, supra.* As a result, the court found that a violation of Rule 1100 had occurred.[5] *Hill, supra* at 263, 736 A.2d at 591.

¶ 12 Nevertheless, the *Hill* court did not conclude its analysis there, finding instead that it was still required to determine whether the Commonwealth acted with due diligence, thus excusing the delay. As the *Hill* court observed, "[E]ven where a violation of Rule 1100 has occurred, the motion to dismiss the charges should be denied if 'the Commonwealth exercised due diligence and ... the circumstances occasioning the postponement were beyond the control of the Commonwealth.'" *Id.* at 263, 736 A.2d at 591, quoting Pa. R.Crim.P. 1100(g) (other citations omitted). The *Hill* court then reviewed the numerous pretrial proceedings held in connection with Cornell's prosecution, for which the Commonwealth was always prepared, and found that the Commonwealth acted with due diligence. *Hill, supra* at 263, 736 A.2d at 592.

¶ 13 Next, the court reviewed the delays caused by Cornell's co-defendant, including the filing of over 129 pretrial motions, and found that the delay in starting trial occasioned by the co-defendant was beyond the Commonwealth's control. *Id.* The majority in *Hill* reached this conclusion despite the fact, relied upon by the dissent in *Hill*, that Cornell had moved for severance from the outset and the Commonwealth had opposed the motion. *Id.* at 268, 736 A.2d at 594 (Zappala, J., concurring and dissenting). Justice Zappala's dissent cites the same cases appellant relies on in this case to support his argument that the Commonwealth has the burden to move for a severance when faced with a delay that implicates Rule 1100. *Id.*, citing *Commonwealth v. Kelly*, 246 Pa.Super. 196, 369 A.2d 879 (1976), *affirmed sub nom. Commonwealth v. Hagans*, 482 Pa. 572, 394 A.2d 470 (1978); *Commonwealth v. Brown*, 242 Pa.Super. 397, 364 A.2d 330 (1976); *Commonwealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976), *affirmed*, 482 Pa. 572, 394 A.2d 470 (1978). (*See* appellant's brief at 8.)

¶ 14 At the evidentiary hearing in this case, the parties discussed the implications of *Hill* with Judge Cohen, who gave them an opportunity to brief the issue. (Notes of testimony, 10/14/99 at 20–34.) Both parties argue *Hill* in support of their respective positions on appeal. As a result, we conclude that *Hill* controls this case, and must therefore determine whether a Rule 1100 violation occurred and, if so, whether the delay should be excused pursuant to Rule 1100(g).

¶ 15 As already noted, the period in question is the 95 days that elapsed between Brooks' request for new counsel on December 3, 1996 and the new trial date, scheduled for March 10, 1997. When Brooks requested new counsel, appellant

---

5. The addition of 149 days brought the total number of days since the complaint was filed

to 479. *Hill. supra* at 262, 736 A.2d at 591.

once again moved to sever his trial. During the time in question, appellant had no pretrial motions pending, and obviously had not assented to the delay, having requested a severance. We therefore find that the 95 days were not excludable for purposes of Rule 1100(c) because appellant was available for trial. *Hill, supra* at 267, 736 A.2d at 591, citing *Hagans, supra* at 576–577, 394 A.2d at 472. As in *Hill, supra*, however, our analysis is not concluded because we must next ask whether the Commonwealth was duly diligent, thereby excusing the delay pursuant to Rule 1100(g).

¶ 16 The trial court, the Honorable Gene D. Cohen, found that 346 days of excludable time had accrued between January 30, 1995 and August 29, 1996 and therefore found an adjusted run date of January 13, 1997 as of August 29th.[6] (Trial court opinion, 3/4/98 at 5.) As of August 29th, none of the time the court excluded was attributable to appellant's alleged co-conspirator, Frederick Brooks. On August 8, 1996, however, another judge, the Honorable Albert J. Snite, granted the Commonwealth's motion to consolidate appellant's case with that of Brooks, who was not arrested until January 19, 1996, almost one year after appellant's arrest. (Notes of testimony, 10/14/99 at 26–27.) Judge Cohen first learned of the consolidation several weeks later and therefore held a hearing on August 29th to allow defense counsel to coordinate. (Trial court opinion, 3/4/98 at 5.) The trial court did not attribute any of the time between August 29th and December 3rd to appellant and therefore did not exclude this time.

¶ 17 We therefore find that the adjusted run date, not including the 95 days at issue in this case, was January 13, 1997. The trial was not scheduled to commence, however, until March 10, 1997.[7] As a result, we find a violation of Rule 1100 and, like the *Hill* court, must inquire whether the Commonwealth exercised due diligence and whether the circumstances occasioning postponement were beyond the Commonwealth's control.[8] *Hill, supra* at 260–261, 736 A.2d at 591, citing Pa.R.Crim.P. 1100(g) (other citations omitted). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Hill, supra* at 256, 736 A.2d at 588 (citations omitted).

¶ 18 At the hearing held October 14, 1999, the attorney representing the Commonwealth during the relevant time period, Cheryl Jacobs, Esq., testified that she was at all times prepared to go to trial, and that the Commonwealth never requested a delay or a continuance for any reason. (Notes of testimony, 10/14/99 at 9–10.) The record also indicates that the Commonwealth moved to consolidate the two cases on February 6, 1996, shortly after Brooks' arrest on January 19th, but that the trial court did not grant the motion until August 8, 1996. (R. at D 5; notes of testimony, 10/14/99 at 12.) Furthermore, on cross-examination at the October 14th hearing, Ms. Jacobs testified

---

6. While appellant's motion to dismiss and post-trial motion calculated the run date differently, on appeal appellant challenges only the trial court's calculations insofar as they include periods caused by appellant's co-defendant.

7. We calculate the adjusted run date as January 10, 1997, a Friday; however, the difference of one workday does not affect our analysis. Trial actually commenced March 11, 1997 due to a court continuance.

8. We recognize that the distinction between excludable time and excusable delay has been blurred by the requirement that the Commonwealth produce evidence of its due diligence to establish that a defendant is unavailable, either while pretrial motions are pending or during other periods of alleged unavailability. *See Hill, supra* at 253–55, 736 A.2d at 586–587, discussing *Commonwealth v. Edwards*, 528 Pa. 103, 595 A.2d 52 (1991); and *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981) (other citations omitted).

that "nothing that ever happened with the other defendant had anything effect [sic] on our preparedness for going to trial against [appellant]." (*Id.* at 13.) We therefore agree with the trial court that the Commonwealth was duly diligent. *See Hill, supra* at 263, 736 A.2d at 591 (the Commonwealth is duly diligent where the Commonwealth attorney attended and was prepared for each of the defendant's proceedings and filed a motion to extend the time of trial when it became apparent that trial was unlikely to commence in a timely fashion).[9]

¶ 19 We likewise find that, under the majority's analysis in *Hill, supra,* the circumstance occasioning the postponement of trial from December 3, 1996 to March 10, 1997, namely, Brooks' request for new counsel, was beyond the Commonwealth's control. *See id.* (where co-defendant filed an inordinate number of pretrial motions, the delay in starting trial was beyond the Commonwealth's control). Furthermore, it appears as if a majority of our supreme court in *Hill* implicitly rejected appellant's argument that the Commonwealth is required to move for a severance when faced with a possible Rule 1100 violation. As Justice Zappala noted in dissent, the trial court in Cornell's case had found "particularly persuasive" the fact that the Commonwealth failed to move for severance and had therefore failed to meet its burden of proving due diligence; nevertheless, a majority of our supreme court affirmed the trial court's reversal. *Hill, supra* at 268, 736 A.2d at 595 (Zappala, J., concurring and dissenting). Justice Zappala, in contrast, would have found that severance was a reasonable alternative within the power of the Commonwealth when confronted with a potential Rule 1100 violation. *See id.* at 268, 736 A.2d at 594 (Zappala, J., concurring and dissenting).

¶ 20 Having found that the delay between the adjusted run date of January 13, 1997 and the date on which trial commenced, March 11, 1997, is excusable pursuant to Rule 1100(g), we conclude that the trial court properly denied appellant's motion to dismiss. As a result, we find no merit to appellant's first two issues.

¶ 21 In his third issue, appellant claims trial court error in denying his motion to sever. Appellant did not raise this issue in his post-trial motions, in his statement of matters complained of on appeal, or in his first appeal to this court. *See* R. at D–12, D16; *Jackson, supra* at 390 (setting forth appellant's two issues: "I. Whether the trial court erred in denying appellant's motion to dismiss pursuant to Rule 1100; and II. Whether the trial court erred in denying this same motion without a hearing?"). We therefore find appellant's third issue waived. *See* Pa. R.App.P. 302(a) (issues not raised in the trial court are waived and cannot be heard for the first time on appeal); *Commonwealth v. Hawkins*, 295 Pa.Super. 429, 441 A.2d 1308 (1982) (Rule 302 applies even to issues of constitutional dimension). As already noted, we remanded for the trial court to hold an evidentiary hearing to determine only if the Commonwealth acted with due diligence; therefore, the only issue properly before us is whether the trial court abused its discretion in denying appellant's motion to dismiss. Having found no abuse of discretion, we affirm.

¶ 22 Affirmed.

---

9. The rule requiring a motion to extend the time of trial was rescinded in 1987. *Hill, supra* at 263 n. 10, 736 A.2d at 592 n. 10.