# Wright, Appellant, *v.* Levis.

*Equity practice and pleading—Capacity of defendant—Contract in individual name—Suit in corporate name.*

A bill in equity for an accounting brought against defendant as a corporation was properly dismissed where the written contracts and the testimony showed that the contract was executed by the defendant in his individual capacity.

Submitted Jan. 22, 1915. Appeal, No. 353, Jan. T., 1914, by, plaintiff, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1913, No. 3141, in equity, dismissing bill in equity for an accounting in case of George Wright v. William Levis, Incorporated. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

The facts appear in the following opinion by KINSEY, J.:

This is a bill in equity asking for an accounting, and the return to plaintiff of the sum of $1,500 alleged to have been loaned to defendant, together with arrearages of salary at the rate of $75 per month, from May 3, 1913, to the time of the trial.

The circumstances surrounding the loan of the $1,500, as contained in the bill, are these:

On September 30th, 1912, plaintiff and William Levis, who is the president of the defendant corporation, entered into a written agreement, under the terms of which plaintiff agreed to loan William Levis the sum of $1,500. In consideration of the loan, Levis agreed that plaintiff would be employed by the defendant corporation, in the real estate business, for such length of time as the loan should remain unpaid, at a salary of $75 per month, and ten per cent. of the net profits of the business.

Plaintiff made the loan of $1,500, and on October 1st, 1912, entered the employ of the defendant. On May

3d, 1913, plaintiff was discharged by defendant, as the result of some difficulty that arose between them as to minor cash items of expenditure, such as carfare, made by Wright. Wright objected to the discharge, stating that he had performed his duties faithfully in every respect, and that he would not acquiesce in the discharge except upon the return to him of his $1,500. Defendant would not do this, but stated that it would pay the loan back at the end of the year. Thereafter, on July 10th, 1913, defendant paid plaintiff $43.34, being ten per cent. of surplus as shown by a statement submitted.

Plaintiff now complains that, although defendant has promised to pay him the moneys due, it has refused to do so.

Defendant admits the agreement between Wright and Levis, but denies that Levis acted for the corporation of William Levis, Incorporated; on the other hand, that he was acting individually. Defendant denies the loan was received by Levis for the corporation, but alleges that it was made personally to Levis, and was not turned over to the defendant corporation. Defendant admits plaintiff was employed at the salary of $75 per month, and 10 per cent. of profits, and alleges that plaintiff was discharged for inattention to duties.

This suit was brought against William Levis, Incorporated, but the testimony, as well as the written contracts, shows that the agreement was made between George Wright and William Levis individually, disconnected with the corporation. This being so, the bill will have to be dismissed with costs.

The court dismissed the bill. Plaintiff appealed.

*Error assigned*, among others, was in dismissing the bill.

*L. W. Baxter*, for appellant.

Appellee submitted no paper book.

PER CURIAM, February 15, 1915:

The learned court below found as a fact "this suit was brought against William Levis, Incorporated, but the testimony, as well as the written contracts, shows that the agreement was made between George Wright and William Levis, individually, disconnected with the corporation." Under this finding and the other findings of fact by the learned chancellor, the bill was properly dismissed.

Decree affirmed.