378 A.2d 434

**COMMONWEALTH of Pennsylvania**

v.

**Michael A. WHARTON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided Oct. 6, 1977.

Michael J. Stack, Jr., Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is appellant's appeal from judgment of sentence fixing the term of imprisonment of not less than four nor more than twelve years in a state correctional institution for the crimes of robbery, burglary, criminal conspiracy, and possession of instruments of crime.

Initially, appellant contends that the lower court erred in not granting appellant's motion for dismissal under Pa.R. Crim.P. 1100(f) and in granting the Commonwealth's application for extension pursuant to Pa.R.Crim.P. 1100(c). The facts necessary for the resolution of the Rule 1100 issue are as follows: A written complaint was filed against appellant, Michael A. Wharton, on May 24, 1974. According to the time limits for trial set forth in Pa.R.Crim.P. 1100(a)(1) appellant's trial should have commenced "no later than two hundred seventy days from the date on which the complaint is filed," that is on or before February 18, 1975. On the final day of the two hundred seventy day period, the case was assigned to trial before the Honorable John R. Meade. Judge Meade, however, was then and there engaged in the trial of another case. Realizing that it was highly unlikely that appellant's trial would commence within the prescribed period, the Commonwealth presented a written application for an order extending the time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c). Acting upon this application, the lower court set the following day, February 19th, as the hearing date for the Commonwealth's petition. The petition, however, was not docketed by the clerk of court's office until the morning of February 19th. Prior to the hearing, appellant applied to the lower court for an order dismissing the charges against him because of the violation

28

of Rule 1100. On the same day, February 19, 1975, after the hearing, Judge Bonavitacola granted the Commonwealth's petition for extension and denied appellant's motion to dismiss. In granting the Commonwealth's petition, the court entered an order extending the time for commencement of trial to February 21, 1975.

A hearing on appellant's motion to suppress, which had been reserved for the time of trial, began on Friday, February 21, 1975. That hearing was completed on Monday, February 24, 1975, and the lower court ruled on the motion to suppress on that date. On February 25, jury selection began. The jury selection was completed and actual trial began on February 26, 1975. Pa.R.Crim.P. 1100(b) provides that, "[f]or the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial." [Emphasis added.] The comment to Rule 1100 provides, in pertinent part, that:

"A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial or to the taking of testimony or to some other such first step in the trial."

Although the comments to the Rules of Criminal Procedure are not part of the Rules and have not been officially adopted by our Supreme Court, they nevertheless have been used in resolving questions of interpretation under the Rules. See, *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977). Returning to the facts of the case at bar, we find that appellant's motion to suppress was reserved for the time of trial and actual trial promptly followed the suppression hearing. Therefore, for the purposes of Rule 1100, as interpreted in *Commonwealth v. Lamonna*, supra, trial commenced on February 21, within the period of extension granted by Judge Bonavitacola, but beyond the 270-day period mandated by the rule. Therefore, the seminal question in the case at bar is whether the order granting the extension was valid within the provisions of Pa.R.Crim.P. 1100(c), which provides:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

Returning to the case at bar, we must determine first, whether procedurally the district attorney applied for an extension "prior to the expiration of the period for commencement of trial." As noted earlier, the last day of the mandatory period set forth in the Rule was February 18. On that day a written application for extension was made to the lower court and the lower court acted on that application by setting a hearing date. Even though the application was not docketed, and the order granting the extension was not made until the following day, we find that the Commonwealth properly complied with the rule in that the Commonwealth applied for an extension prior to the running of the Rule.

In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976) our Supreme Court noted that:

"The Commonwealth may not seek an extension pursuant to section (c) of the Rule nunc pro tunc, that is, the application for an extension *must be filed* prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting extension. . ."
469 Pa. at 15, 364 A.2d at 697.

While it is true that the language of Rule 1100(c), "apply to the court" prior to the expiration of the period, was paraphrased in *Shelton*, as "must be filed" prior to the expiration of the period, the question of timely filing should be decided on whether or not said petition is properly before the lower court prior to the expiration of the mandatory period, not

whether or not the petition is docketed in the clerk of court's office prior to the expiration of the period. It is the court, not the clerk of court, which must act on the petition.

In any event, *Shelton* is not precedent for the narrow issue presented in this phase of the case at bar. In *Shelton*, there was no written application for extension of time before the court prior to the expiration of the mandatory period. Therefore, *Shelton* does not speak to the situation, as in the case at bar, where both the Commonwealth applied for an extension on the 270th day, and the court acted upon that application by setting a hearing date for the application. Additionally, the clerk of court did docket the application the next morning. Therefore, we hold that the application was timely filed within the meaning of *Shelton* and Pa.R.Crim.P. 1100(c).

Next we must consider whether the Commonwealth showed that trial could not "be commenced within the prescribed period despite due diligence . . . ." In its application for extension of time, the Commonwealth notes that appellant's co-defendant's counsel was engaged in another, unrelated, matter and thus was unavailable on February 18. Moreover, the Commonwealth also points out that the case was put on "backup status" on February 18, and the application for extension was not presented until it became apparent that no courtroom would be available. Appellant contends that the fact that the case was placed on "backup status" on the final day of the prescribed period indicates a lack of due diligence on the part of the Commonwealth. Our review of the record indicates, however, that December 12, 1974, was apparently set as the trial date and that on that date appellant's co-defendant's counsel was involved in an unrelated matter in Federal Court, and the case was continued until February 10, 1975. On February 10, 1975, the case was continued until February 18, 1975, because one of the attorneys was on vacation. Although the record does not indicate whether it was appellant's counsel or appellant's co-defendant's counsel who was unavailable at this time, we find that the fact that one of the attorneys

was on vacation is sufficient to justify the lower court's order granting extension. In both *Commonwealth v. Brown*, 242 Pa.Super. 397, 364 A.2d 330 (1976) and *Commonwealth v. Hagans*, 242 Pa.Super. 393, 364 A.2d 328 (1976) this court recently held that the unavailability of a co-defendant or a co-defendant's counsel does not *ipso facto* toll the running of Rule 1100. However, in both cases we also noted that the proper procedure for the Commonwealth is to move for severance or request a short extension under Pa.R.Crim.P. 1100(c). Such an extension was precisely what the Commonwealth requested and was granted in the instant case. We hold, therefore, that since the case would have gone to trial within the mandatory 270-day period but for the unavailability of co-defendant's counsel, the Commonwealth met its burden of showing "due diligence." Thus, we find no error in the lower court's granting a short, 3-day extension pursuant to Pa.R.Crim.P. 1100(c).

■ Appellant's second allegation of error is that the lower court erred in not declaring a mistrial when appellant, while handcuffed, was viewed by a member of the jury outside of the courtroom. We find this allegation to be without merit. In *Commonwealth v. Evans*, 465 Pa. 12, 15–16, 348 A.2d 92 (1975) our Supreme Court favorably cited this court's unanimous opinion in *Commonwealth v. McGonigle*, 228 Pa.Super. 345, 323 A.2d 733 (1974). In *McGonigle* we stated "that a mere accidental observation of a defendant in handcuffs outside a courtroom by a juror does not, without more, require the granting of a mistrial, although a cautionary instruction by the trial court on the event will be appropriate." 228 Pa.Super. at 352, 323 A.2d at 736. In the case at bar, the lower court assured itself that no such observation took place. As the trial judge noted in his opinion:

"When the defendant complained that a juror had inadvertently seen him in handcuffs in the hallway, I held an evidentiary hearing. I found that a juror had been escorted to the ladies room just before the commencement of the court session, but that she did not see the defendant in

manacles at any time. She testified that the first time she saw the defendant was when she returned from the ladies room, at which time, he was seated beside counsel at counsel table, free of any restraints. The sheriff in charge of defendant's custody corroborated the juror's testimony. I dismissed the complaint because it lacked a factual base."

In light of this finding of fact by the lower court, we hold that the court was properly within the bounds of judicial discretion in not granting appellant's motion for a mistrial.

Judgment of the lower court is, therefore, affirmed.