452 A.2d 264

**COMMONWEALTH of Pennsylvania**

**v.**

**William F. RYAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 31, 1982.

Filed Oct. 29, 1982.

Petition for Allowance of Appeal Granted March 8, 1983.

Frederick W. McBrien, Norristown, for appellant.

Ronald Thomas Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

On October 16, 1980, appellant, William F. Ryan, was found guilty of criminal attempt and criminal conspiracy for arranging a sale of methamphetamine (speed) in May, 1979. Post-trial motions were timely filed and denied. Thereafter, appellant was sentenced to a period of incarceration of three to ten years. This appeal followed. We reverse.

On appeal, appellant raises numerous allegations of error by the trial court. Because of our view of the case, we need only address appellant's contention that his right to a speedy trial under Pa.R.Crim.P. 1100 was violated.

To respond to appellant's contention, we must review in detail the procedural history of the case. On September 19, 1979, an arrest warrant was sworn out against appellant charging him with criminal attempt,[1] criminal solicitation,[2] criminal conspiracy[3] and a violation of the Controlled Substance, Device and Cosmetic Act.[4] Appellant was arrested on October 1, 1979, and was formally arraigned on November 23, 1979. On or about December 1, 1979, appellant was taken into custody by a member of the Montgomery County Detective's office and turned over to federal authorities to commence serving a federal prison sentence. Sometime between December 14, 1979, and December 27, 1979, the Commonwealth first learned that the appellant was finally lodged in the Federal Correctional Institution at Petersburg, Virginia.

Appellant's trial on the Montgomery County charges was scheduled to commence on January 9, 1980. However, it was not until January 23, 1980, that the District Attorney of Montgomery County filed a request for temporary custody, under the Interstate Agreement on Detainers Act,[5] with the warden of the Virginia prison. The 180th day from the filing of the complaint was March 17, 1980. On February 26, 1980, the Commonwealth filed a petition for extension of time to commence trial on the basis of appellant's continued incarceration in a federal facility. Appellant filed an answer and new matter to the petition averring a lack of due diligence on behalf of the Commonwealth to effectuate his transfer. By order of March 6, 1980, Judge Smillie granted the Commonwealth's petition and directed that trial commence no later than September 1, 1980. On May 13, 1980, an offer of temporary custody of appellant was sent to the Montgomery County District Attorney's office. Appellant's

1.  18 Pa.C.S.A. § 901.

2.  18 Pa.C.S.A. § 902.

3.  18 Pa.C.S.A. § 903.

4.  35 Pa.C.S.A. § 780–113(a)(30).

5.  42 Pa.C.S.A. § 9101 *et seq.*

trial was rescheduled to commence June 9, 1980. On or about June 2, 1980 members of the Montgomery County Detective's office traveled to Virginia for the purpose of returning appellant to Montgomery County. Upon arriving in Virginia, the detectives were advised that appellant had already been returned to Pennsylvania in connection with a federal matter. According to counsel for appellant, appellant had been taken by the federal authorities to Philadelphia on unrelated federal charges sometime during the end of May, 1980. At that time, and while still in Philadelphia, appellant suffered a heart attack.

As of June 19, 1980, appellant had recovered from his heart attack and was lodged in the Montgomery County Prison. Appellant's trial had been rescheduled for July 14, 1980. On that date, the Commonwealth made a motion to postpone the trial for one week because a key Commonwealth witness was on vacation. This motion was granted and the trial was rescheduled for July 21, 1980. On July 18, 1980, defense counsel filed a motion to dismiss under Rule 1100(f). On July 31, Judge Davenport ordered that any further consideration of appellant's motion to dismiss be deferred until the time of trial. Trial did not take place on July 21 because the assistant district attorney assigned to the Ryan case had to try another case for which July 21 was the 180th day for Rule 1100. On September 2, September 1 being Labor Day, the Commonwealth filed another petition for extension of time for commencing trial. The appellant filed an answer averring a lack of due diligence on behalf of the Commonwealth. The matter was again scheduled before Judge Smilie and by order of September 11, 1980, the Commonwealth was given an additional 60 days to commence appellant's trial. Trial did commence on October 7, 1980, at which time the appellant's motion to dismiss was again raised. After hearing argument on the matter, the trial court denied the motion relying on the well-established principle that, absent some new evidence, it is improper for a trial judge to overrule the interlocutory orders (Judge Smil-

lie's orders of March 6 and September 11) of another judge of the same court in the same case.

Post-trial motions were heard by an en banc panel of the lower court. In denying appellant's renewed motion based on violation of his Rule 1100 rights, the lower court stated "[T]hat since a member of our bench has already ruled on the merits of this issue, his decision should stand pending appellate review." Trial Court Opinion at 5. The trial court, when presented with appellant's pre-trial motion to dismiss, properly ruled that Judge Smillie's orders were interlocutory and should not be overruled. However, the purpose of this rule is to give finality to determinations of all *pre-trial* motions. *Commonwealth v. Eck,* 272 Pa.Super. 406, 408–409, 416 A.2d 520, 522 (1979) (quoting *Commonwealth v. Griffin,* 257 Pa.Super. 153, 157, 390 A.2d 758, 760 (1978)) (Emphasis added). When the Rule 1100 issue was raised in *post-trial* motions, the lower court should have decided it. Nevertheless, in the interest of judicial economy, we will address the merits of the Rule 1100 issue.

Under Rule 1100, all periods of delay beyond the mandatory period must be either excluded from the computation under Rule 1100(d) or justified by an order granting an extension under Rule 1100(c), if the Commonwealth is to prevail. *Commonwealth v. Shelton,* 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976). Mere incarceration in another jurisdiction does not make the defendant "unavailable" for trial under Rule 1100(d); *Commonwealth v. Emmett,* 274 Pa.Super. 23, 28, 417 A.2d 1232, 1235 (1979). "Appellant will be considered unavailable only for the period of time during which his presence could not be secured despite due diligence by the Commonwealth." *Id.* Appellant contends that both the March 6 and September 11 time extensions were improperly granted.

At the March 6, 1980, hearing on the Commonwealth's first extension petition, Judge Smillie was apprised of appellant's continued incarceration in Petersburg, Virginia, and that the Commonwealth had proceeded to effectuate

appellant's transfer within a month of learning of Mr. Ryan's final place of detention in the federal prison system. Although this action could have been swifter, it can hardly be equated with the situation in *Commonwealth v. McCafferty*, 242 Pa.Super. 218, 363 A.2d 1239 (1976), where the Commonwealth failed to invoke the procedures under the Interstate Detainer Act or with that presented in *Commonwealth v. Kovacs*, 250 Pa.Super. 66, 378 A.2d 455 (1977), wherein the Commonwealth waited six months to secure the defendant's return to Pennsylvania. Due diligence under the Rule requires the Commonwealth to make a "reasonable effort," *Commonwealth v. Martofel*, 248 Pa. 206, 375 A.2d 60 (1977). *See also Commonwealth v. Emmett, supra.* We hold that Judge Smillie did not err in granting the March 6 extension. However, for the purpose of determining whether the appellant was brought to trial within 180 days, appellant will be considered available for trial from the time the Commonwealth found out that he was in Petersburg, Virginia until the date it filed the proper detainer request. *See Commonwealth v. Goodman*, 260 Pa.Super. 266, 279, 393 A.2d 1256, 1263 (1978); *Commonwealth v. Kovacs, supra. See also* footnote 6, *infra.*

The Commonwealth filed its second extension petition with the Montgomery County Clerk of Courts on September 2, 1980. On September 3, 1980, the petition was presented to the court and a hearing was set for September 11. Because we find that the evidence presented at the September 11 hearing was insufficient to warrant the granting of an extension, we need not decide whether filing an extension petition with the clerk of courts qualifies as an application to the Court as required by Rule 1100(c)(1). *See Commonwealth v. Wharton*, 250 Pa.Super. 25, 378 A.2d 434, (1977), (where an extension petition brought before the judge on the last day of the Rule 1100 period was not docketed in the clerk of courts on that day. This Court held that, "the question of timely filing should be decided on whether or not said petition is properly before the lower court prior to the expiration of the mandatory period, not

whether or not the petition is docketed in the clerk of court's office prior to the expiration of the period." *Id.*, 250 Pa.Superior Ct. at 29, 378 A.2d 437.) *See also Commonwealth v. Groarke,* 269 Pa.Super. 243, 247, 409 A.2d 870, 872 (1979) (Price, J., dissenting).

At the September 11 hearing, defense counsel allowed the prosecution to summarize the procedural history of the case:

"On the 19th of June we picked him up and he has been in the Montgomery County Prison ever since. Now of course, his trial by this time had been relisted for July 21. We are prepared to show, Your Honor, that on July 21, I was assigned to a trial, the trial of Daniel John Westopher and it was a trial which the 1100 day was July 21. We got the case in on the 180th day. That was the run. It was a one (1) week trial before Judge Davenport. Following that trial we had no court and I began to prepare for a murder trial and I was specially listed for August 18. From August 18 to August 31, every day including Saturdays and Sundays I was trying the case of Commonwealth v. Basile before Judge Davenport. That case came to verdict on a Sunday night, which I believe was the 31st of August. The run date on the Ryan case was the 1st of September. Now, the first of September was Labor Day and I did not come to work that day. I did come to work on Tuesday, which was the first working day and I filed a petition to extend and that was September 1. That is what is before Your Honor now. The petition to extend based on the court's backlog. Mrs. Strizziere is here to testify and she has testified to the number of Judges that were on this summer, most especially the number of Judges that were sitting and I believe it to be particularly relevant from July 21 until September 1. I have represented to the court and I think Mr. McBrien has stipulated that I was on trial on July 21. And I am representing to the court that that case was a Rule 1100 problem and one I went to on the 21st because the Rule 1100 date was July 21. It had to go to trial that date. After that I was not available until this time and Mr. Tressler would testify to

that. He would testify also that there is one case currently on my board and that comes before this case and that as soon as I try the, I believe, it is the Haley and Mitchell, I would be available to try Mr. Ryan's case.... Your Honor, we would consent, if Your Honor is so disposed to have this case ordered to be tried immediately following the one I have on the board now." (N.T. Sept. 11, 1980, pp. 8, 9, 22).

In the Commonwealth's petition for extension, it is stated that, "No criminal trials were held in Montgomery County during the weeks of July 28, August 4, and August 11, 1980." A Montgomery County Court Calendar is attached to the petition.

Although judicial delay can be the basis for an extension, the trial court may grant such an extension "only upon a record showing; (1) the 'due diligence' of the prosecution and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349–1350 (1976).

The scope of review, on appeal, from an order granting a petition to extend requires the appellate court to consider the evidence presented by the Commonwealth and so much of the evidence presented by the defendant as, fairly read in the context of the record as a whole, remains uncontradicted. *See Commonwealth v. Mitchell,* 472 Pa. 553, 564, 372 A.2d 826, 831 (1977). The Commonwealth argues that a record showing of judicial delay has been made because defense counsel stipulated to the prosecution's summarization of the facts at the extension hearing.

Even if we accept the Commonwealth's version of the facts, it is obvious that the prosecution failed to show due diligence. The Commonwealth stated that the assistant district attorney assigned to the Ryan case was busy with

other trials from July 21–28 and August 18–31, and that an extension was necessary because no criminal trials were held between July 28 and August 18. However, the record shows that Mr. Ryan was available for trial on June 19. When the case was postponed from July 14 to July 21, the district attorney's office could have reassigned Mr. Ryan's case to another assistant district attorney. The case could then have been tried during the week of July 21 or sometime between August 18 and September 1. The Commonwealth has the burden by a preponderance of the evidence, of showing that it has met the requirements of Rule 1100(c). Cf. *Commonwealth v. Wade,* 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell, supra.* The facts show that Mr. Ryan was available for trial for more than 10 weeks of the summer of 1980. During three of these weeks appellant could not be tried because of judicial delay. Although the Commonwealth may have been diligent in its attempt to commence appellant's trial on July 14, a one week postponement of that trial should not have had the effect of forcing appellant to wait before his trial was begun until October 7. Excluding the periods of appellant's unavailability while in the custody of the federal authorities and while recovering from his heart attack, the days that appellant waited while available for trial number one hundred and ninety-eight from the date of his arrest.[6] Such a result transpired because the lower court's second extension was for 60 days. The only apparent reason for such a lengthy extension is that the assistant district attorney assigned to

**6.** This period was calculated by excluding: (a) that period between the filing of the arrest warrant on September 19, 1979 and appellant's arrest on October 1, 1979; (b) the period from December 1, 1979, when appellant was taken into custody by the federal authorities, to December 27, 1979, when the Commonwealth learned of appellant's final place of lodging in Petersburg, Virginia. (Appellant contends that the Commonwealth may have known of his whereabouts as early as December 14, 1979. However, there is no need to remand for a factual determination on this point since the 180 day period is exceeded even when we accept the Commonwealth's version of the facts.); (c) the period from January 23, 1980, when the Commonwealth requested appellant's transfer from Virginia to Montgomery County, to June 19, 1980, when appellant was recovered from his heart attack and available for trial. *See* Rule 1100(d).

the Ryan case had another case to try first. Although unavailability of defense counsel will serve as an exclusion of time under Rule 1100(d)(3)(i), the unavailability of the prosecutor is not listed as an exclusion in determining the period for commencement of trial. On the contrary, the prosecution must demonstrate due diligence in bringing the accused to trial, and, when an extension is granted, trial must be scheduled for the earliest date consistent with the court's business. Here, neither of these requirements was met.[7]

Accordingly, we reverse the order of the lower court and vacate the judgment of sentence.

**7.** Although we find that the *Mayfield* requirements were not met in this case, we note that due diligence may be shown when a prosecutor has a case assigned to him which cannot be rescheduled ahead of other cases which suffer similar Rule 1100 problems. Here, due diligence was not demonstrated since no reason was given by the prosecution as to why another case had to be tried before appellant's case. *See Commonwealth v. Levitt,* 287 Pa.Super. 115, 120, 429 A.2d 1126, 1129 (1981); *Commonwealth v. Crowley,* 281 Pa.Super. 26, 30, 421 A.2d 1129, 1131 (1980).