484 A.2d 777

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey KURTZ, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1983.

Filed Oct. 26, 1984.

Reargument Denied Dec. 28, 1984.

Petition for Allowance of Appeal Denied May 14, 1985.

W. Hamlin Neely, Allentown, for appellant.

James B. Martin, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before CAVANAUGH, BROSKY and POPOVICH, JJ.

CAVANAUGH, Judge:

This appeal comes to us from a judgment of sentence imposed upon appellant, Jeffrey Kurtz, after his conviction in a non-jury trial in connection with violations of the Controlled Substance Act, 35 P.S. *§§ 780–101, et seq.,* and

criminal conspiracy. Appellant's sole contention on appeal is that the Commonwealth violated his constitutional right to a speedy trial under Pa.R.Crim.P. 1100, thereby requiring that his convictions be dismissed. Specifically, Kurtz alleges that the Commonwealth failed to timely file its petition to extend under Rule 1100, because the Commonwealth's Rule 1100 Petition and Rule to Show Cause Why the Time for Commencement of Trial Should Not be Extended was filed with the clerk of courts but was not presented to the court before the run date. We disagree and therefore affirm.

The pertinent and undisputed facts are as follows: Two of the charges which are relevant to this appeal had a Rule 1100 expiration date of January 31, 1978. On that date the Commonwealth filed with the Clerk of the Court of Common Pleas in Lehigh County, a Petition for an Extension of Time to Commence Trial pursuant to Pa.R.Crim.P. 1100. The clerk docketed the petition upon receipt. On the same day appellant and his counsel were mailed copies of the Commonwealth's petition. On February 14, 1978, the Commonwealth's petition was presented to the lower court, who in turn issued a rule to show cause, returnable on March 6, 1978. On February 15, 1978, appellant's counsel filed a Motion to Dismiss pursuant to Rule 1100(f), alleging that the Commonwealth failed to comply with Rule 1100(c). On March 9th and 10th, 1978, the Commonwealth's and appellant's respective petitions were heard similutaneously with those of several co-defendant's.[1] The court below ruled that the Commonwealth was not required to apply directly to the court for an extension of time under Rule 1100. The court further concluded that the Commonwealth need only file its Rule 1100 petition with the clerk of the court within the 180 day period in order to satisfy the requirements of Rule 1100(c) and since the Commonwealth had complied with this Rule, appellant's Motion to Dismiss was denied and the Commonwealth's request for an extension of time

---

1. This appeal rose from a illegal drug transaction involving appellant, Joseph Sarnitsky, Thomas Grimm and Richard Kline. A series of Rule 1100 motions were filed by the Commonwealth regarding all of these defendants and all of these motions were heard by the court below. The hearing court's opinion was adopted by the Lehigh County Court of Common Pleas *en banc.*

was granted. Subsequently, appellant was found guilty. Post-verdict motions were timely filed and denied and sentencing followed. This appeal followed.

The precise issue we must consider is whether the filing of a Rule 1100 motion with the clerk of courts constitutes a timely application to the court within the meaning of Rule 1100.[2]

In *Commonwealth v. Shelton*, 469 Pa. 8, at 15, 364 A.2d 694, at 697 (1976) our Supreme Court stated:

The Commonwealth may not seek an extension pursuant to Section (c) of the Rule [1100] nunc pro tunc, that is, the application for an extension *must be filed* prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting an extension. *Commonwealth v. O'Shea, supra* [465 Pa.] at 498 n. 9, 350 A.2d [872] at 875 n. 9 [1976]; *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975). *Whether an application for extension is timely filed is determined by computing the amount of time which has lapsed from the filing of the complaint to the date on which the Commonwealth files its application,* less any periods which are properly excludable pursuant to Section (d) of the Rule. If the time so computed exceeds the mandatory period of the Rule or, in cases where an extension or extensions have been properly granted, exceeds the mandatory period set forth in the order granting the last extension, then the application is untimely. (Emphasis added).

2. Rule 1100(c)(1) provides:

at anytime prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

. . . . .

Rule 1100(f) provides:

at any time before trial, the defendant or his attorney, may apply to the court for an order dismissing the charges with prejudice on the grounds that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth who shall also have the right to be heard thereon. Any order granting such motion shall dismiss the charges with prejudice and discharge the defendant.

■ We agree with the court below in its reliance upon *Shelton* and its progeny in its conclusion that the language of Rule 1100(c) "apply to the court," means to file an application with the clerk of the court. Furthermore, although the exact issue in the instant appeal was not before the court in *Shelton, supra,* the Supreme Court did state that the Commonwealth's obligation was *to file its request for an extension within the mandatory time period,* not that the Commonwealth must actually have its application before the court. See also, Official Comment to Rule 1100.

The appellant contends that *Commonwealth v. Wharton,* 250 Pa.Super. 25, 378 A.2d 434 (1977) is dispositive of the issue in the case at bar. We disagree.

In *Wharton,* the Commonwealth submitted a Rule 1100 petition on the last day of the mandatory period. The application was not docketed in the lower court prior to the expiration of this period, however, the court did act on the application by setting a hearing date. Our Court *en banc* held that "Even though the application was not docketed, and the order granting the extension was not made until the following day, we find that the Commonwealth properly complied with the rule and that the Commonwealth applied for an extension prior to the running of the Rule." *Commonwealth v. Wharton, supra,* 250 Pa.Super. at 29, 378 A.2d at 436.

■ The Court went on to elaborate regarding its interpretation of the phrase in Rule 1100(c), "apply to the court."

"While it is that the language of Rule 1100(c), 'apply to the Court' prior to the expiration of the period, was paraphrased in *Shelton,* as 'must be filed' prior to the expiration of the period, the question of timely filing should be decided on whether or not said petition is properly before the lower court prior to the expiration of the mandatory period, not whether or not the petition is docketed in the clerk of court's office prior to the expiration of the period. It is the Court, not the clerk of courts, which must act on the petition."

*Commonwealth v. Wharton, supra,* 250 Pa.Super. at 30, 378 A.2d at 407. We read this language in *Wharton* to mean that in order to be considered timely filed a Rule 1100 petition must be presented to the Court and this may be accomplished by the Commonwealth actually bringing its petition to the attention of the Court. However, we agree with the lower court's analysis of *Wharton,* stating, "the holding of this case [Wharton] cannot be extended to mean that filing is inadequate to place an application for an extension of time before the trial court." (Lower court opinion page 4.) To hold otherwise would entail imposing an unnecessary and perhaps impossible administrative burden upon the prosecution, which would require it to locate a judge who would receive its petition before the expiration of the mechanical run date. Furthermore, a potentially harsh result may evolve from the Commonwealth's failure to locate a judge, *ie,* the non-meritorious dismissal of charges against a defendant. This is particularly true in a situation as in the case at bar where the Rule 1100 motion was completed at the last minute before the expiration date.[3]

Pa.R.Crim.P. 309(a), which was in effect at the time the of the instant case, provides further support for our conclusion, "Except as otherwise provided in these rules, any notice, paper or document for which filing is required shall be filed in the office of the clerk of courts." Pa.R.Crim.P. 309(a).[4]

---

**3.** The Commonwealth's Rule 1100 request for and extension of time was not filed until January 31, 1978, which was the expiration date in this case. Furthermore, as the lower court indicates in its opinion the Commonwealth filed this Rule 1100 motion at 5:49 p.m. on that date.

**4.** Although Rule 309 did not explicitly apply to a Rule 1100 motion we conclude that such wording in the Rule "notice, paper, or document" includes a written motion, as is necessary in Pa.R.Crim.P. 1100.

Rule 309. Reserved

*Note:* New rule, combining former Rules 306 and 307, adopted June 29, 1977, effective January 1, 1978; rescinded Oct. 21, 1983, effective January 1, 1984.

*Comment:* Rule 309 was rescinded in 1983 as unnecessary in view of the adoption of Rule 9022 (Filing), Rule 9023 (Service), and Rule 9024 (Notice and Docketing of Orders). *These rules were derived from former Rule 309 but expanded the provisions of the former rule.* (Emphasis added).

■ One other point must be addressed at this time. The court below determined that appellant's motion to dismiss under Rule 1100(f) as well as the Commonwealth's motion for an extension was properly submitted. Since Rule 1100(f) also contains the phraseology present in Rule 1100(c) and in view of our above conclusion we agree with the lower court that appellant's Rule 1100(f) motion was also timely filed.[5]

Accordingly, judgment of sentence affirmed.

BROSKY, J., filed dissenting opinion.

Recently enacted Pa.R.Crim.P. 9022 and its official comment provide in pertinent part:

(a) Except as otherwise provided in these rules, all written motions, and any notice or document of which filing is required, *shall be filed with the clerk of court.*

(b) When a written motion, *notice or document is received by the clerk of court,* the clerk shall docket it and record the time of filing in the docket. A copy of these papers shall be promptly transmitted to such person as may be designated by the court.

*Note:* Adopted October 21, 1983, effective January 1, 1984.

*Comment:* This rule requires the filing of all written motions, but it applies to notices and other documents only if filing is required by some other rule or provision of law. As used here, "written motions" includes all motions, challenges, and applications or requests for an order or relief that must be made by written motion under Rule 9020(a). Filing was covered by Rule 309(a) before adoption of this rule in 1983.

*Those rules that provide for filing with the trial court (see e.g., Pa.R.Crim.P. 321) or the sentencing court (see, e.g., Pa.R.Crim.P. 1410) are not exceptions to the general requirement of this rule that filing be with the clerk of court.* As used in this rule, "clerk of court" is intended to mean that official in each judicial district who has the responsibility and function under state or local law to maintain the official court file and docket, without regard to that person's official title. (Emphasis added).

Although Rule 9022 was inapplicable at the time of the instant appeal, it provides sound logic which we conclude is compatible and consistent with our conclusion in the case at bar.

5. *Commonwealth v. Vecchione,* 327 Pa.Super. 548, 476 A.2d 403 (1984), can be distinguished from the instant appeal. In *Vecchione,* a panel of this Court ruled that a defendant's motion to dismiss under Rule 1100(f) must be filed prior to the commencement of trial, otherwise, the claim is waived. The Court relied upon *Commonwealth v. Wharton,* 250 Pa.Super. 25, 378 A.2d 434 (1977), in support of the proposition that timely filing should be determined as to whether the motion is brought before the court. In light of our determination in the instant appeal we see no inconsistency between *Vecchione* and this case. Furthermore, *Vecchione* can be distinguished in that the record there did not

BROSKY, Judge, dissenting:

I respectfully dissent.

Rule 1100(c)(1) provides that:

> At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for the commencement of trial.[1]

The issue before this Court is the interpretation of the words "may apply to the court." The significance of whether appellee did apply to the court in a timely fashion lies in the fact that: "Failure to file a timely extension petition precludes the granting of an extension because the Commonwealth is not permitted to file a petition nunc pro tunc." *Commonwealth v. Bytheway*, 290 Pa.Super. 148 at 152, 434 A.2d 173 at 175 (1981).

In *Commonwealth v. Shelton*, 469 Pa. 8 at 15, 364 A.2d 694 at 697 (1976) the Supreme Court of this Commonwealth used language which appeared to equate the language of Rule 1100(c)—"apply to the court"—with filing.

> The Commonwealth may not seek an extension pursuant to section (c) of the Rule nunc pro tunc, that is, the application for an extension must be filed prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting extension ...

The trial court relied upon *Shelton* in holding that the instant petition—filed, but not presented to the court—was timely.

However, as this Court noted in *Commonwealth v. Wharton*, 250 Pa.Super. 25 at 30, 378 A.2d 434 at 437 (1979) (Cercone, J.), the filing/apply to the court distinction was not present in *Shelton* and, consequently, its language should not be interpreted to supply an answer to a question which was not before that court in that case.

contain the filing of any motion for dismissal under Rule 1100(f), where in the case at bar the appropriate written motions were properly filed.

1. Two elements of this provision are of interest here: first, that the application must be made within a certain time frame—prior to the expiration of the Rule 1100 period—*Commonwealth v. Morgan*, 484 Pa. 117 at 126, 398 A.2d 972 at 976 (1979); second, that the application must be made to the court.

While the case *sub judice* does not replicate the factual situation present in *Wharton,* I conclude that *Wharton's* rationale dictates the outcome here. In *Wharton* the operative facts were the reverse of those before us: the petition was timely presented to the court but not timely filed.[2]

The unanimous, seven-judge court held:

> ... the question of timely filing should be decided on whether or not said petition is properly before the lower court prior to the expiration of the mandatory period, not whether or not the petition is docketed in the clerk of court's office prior to the expiration of the period. It is the court, not the clerk of court, which must act on the petition.

*Id.*

The trial court opinion, endorsed by the *en banc* court below, found that *Wharton* was not relevant here. "The holding of this case [*Wharton*] cannot be extended to mean that filing is inadequate to place an application for extension of time before the trial court."

While I agree with the trial court that "this precise question has not been decided by the appellate courts,"[3] I disagree about the applicability of *Wharton* to the situation before us.

If all that *Wharton* had said was that having a petition presented to the court met the requirements of Rule 1100, notwithstanding its tardy filing; then, indeed, it would be possible to consistently hold here that a timely filing, notwithstanding a tardy presentation to the court, also met Rule 1100. In other words, it would be possible then to state that as long as one *or* the other was timely the Rule 1100 requirements were met.

But that is not where *Wharton* stops. It goes further and states that the dispositive factor is whether the petition is properly before the court—and distinguishes that from filing with the clerk. *Wharton* binds us, as I see it, to

---

2. Here, the petition was timely filed but not timely presented to the court.

3. See *Commonwealth v. Ryan,* 306 Pa.Super. 159 at 166, 452 A.2d 264 at 267 (1982) (Popovich, J.).

accept that it is crucial that the court receive the petition; because "it is the court, not the clerk of court, which must act on the petition." Following the rationale of *Wharton*, we are obliged, in all intellectual integrity, to find that the tardy presentation to the court itself will not suffice.[4]

\* \* \*

Other considerations lead me to the conclusion that the result dictated by *Wharton* is correct.

First we have the plain language of the rule. It does not require that the Commonwealth *file* a petition, but rather it states "the attorney for the Commonwealth may apply to the court for an order extending the time."

Second, such a practice would be consonant with general pre-trial practice. The comment to the rule in effect at the time of the proceedings under review stated:[5]

All applications should be submitted to a judge of the court first keeping in theory the practice of rules to show cause subject to modification by local court rule where desirable.

Pa.R.Crim.P. 304.[6]

\* \* \*

A misapprehension of the consequences of this case was presented in the trial court opinion.

In the absence of a contrary holding by an appellate court, particularly in view of the language which the

---

**4.** A reluctance to activate the extreme sanction of a Rule 1100 violation—a reversal of judgment of sentence and discharge—has led, on occasion, to strained interpretations of its requirements. Rather than engage in such an exercise, I would choose here to follow the reasoning of *Wharton* as applied to this situation.

We note that dissatisfaction has been expressed with this rigid rule and the technical points which its proper enforcement obliges us to rely upon. Alternatives to the rule were proposed by Judge Popovich in *Commonwealth v. Harris*, 323 Pa.Super. 102, at 113 n. 4, 470 A.2d 150, at 156 n. 4 (1983).

**5.** With only punctuation changes, this comment is now part of Pa.R.Crim.P. 306.

**6.** The expressly non-comprehensive list of such applications does not specify Rule 1100 motions. The point here is that the common custom is to present pre-trial motions to the court and *Wharton* merely enforces the traditional practice.

The local court rules, referred to in the comment, do not modify this procedure. Lehigh County R. 206(a).

courts have used in construing Rule 1100(c), we are unwilling to hold that a petition for extension of time filed on the 180th day is untimely merely because the court did not on the same day issue a rule or set a date for hearing.

That is not what I am stating here. Nor is it what *Wharton* held. The timeliness of petition to extend is determined by the prosecution's actions—not by the timing of the court's response to the petition. It is determinative that the petition is directly before the court in time; while it is not relevant whether or not the court itself acts upon the petition that day.[7]

\* \* \*

One other statement in the trial court opinion, repeated in appellee's brief, also merits treatment here. The trial court noted that appellant's motion to dismiss under Rule 1100(f) was also filed and not presented directly to the court. Rule 1100(f) also has the critical language present in Rule 1100(c): "... may apply to the court..."[8] The trial court held that appellant's motion to dismiss, as well as appellee's petition to extend, were properly submitted. I disagree.

Appellant's motion to dismiss, filed but not presented to the court, was not properly submitted. This follows from my conclusion that appellee's petition was improperly submitted. It would be obviously unjust to have different requirements for submission of Rule 1100 motions depending on whether the moving party was the Commonwealth or the defendant. This is particularly true when the pertinent language of the rule, "may apply to the court," is the same in subdivisions (c), for the Commonwealth, and (f), for the defendant.

The impropriety, or not, of a motion to dismiss is significant because a criminal defendant can waive his Rule 1100 claim by failing to contest the Commonwealth's petition to

---

7. I note, however, that this same misapprehension of the thrust of *Wharton* was given in the dissenting opinion in *Commonwealth v. Groarke*, 269 Pa.Super. 243 at 247, 409 A.2d 870 at 872 (1979).

8. "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated." Pa.R.Crim.P. 1100(f).

438

extend. *Commonwealth v. Garnett*, 258 Pa.Super. 115 at 118 n. 6, 392 A.2d 711 at 712 n. 6 (1978).

While appellant did not properly submit his motion to dismiss, he did not waive his claim here. This is because filing a motion to dismiss is not the only method a defendant has to challenge the grant of an extension.

Thus he must *either* file a motion under Rule 1100(f) *or* contest the Commonwealth's petition to extend, so that by one method or the other the facts and issues come before the court. Otherwise, his Rule 1100 claim will be waived. *Commonwealth v. Davis*, 261 Pa.Super. 204 at 208, 395 A.2d 1388 at 1390 (1978) (emphasis supplied). See also, *Commonwealth v. McFadden*, 300 Pa.Super. 299 at 303, 446 A.2d 624 at 626 (1982). At the hearing, appellant did contest the petition to extend.

\* \* \*

I would vacate judgment of sentence and discharge appellant.