J-S35020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARRYL WILLIAMS, | |
| Appellant | No. 2465 EDA 2015 |

Appeal from the Judgment of Sentence Entered May 15, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007305-2012

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 14, 2016**

Appellant, Darryl Williams, appeals from the judgment of sentence of 14 to 28 years' imprisonment, imposed after he was convicted of possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, possession of drug paraphernalia, persons not to possess a firearm, and carrying a firearm without a license.  On appeal, Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The facts of Appellant's case are not pertinent to the issue he presents on appeal.[1]  We need only note that Appellant was tried by a jury and

_____

[1] For a detailed recitation of the facts, see this Court's prior decision in ***Commonwealth v. Williams***, No. 3261 EDA 2013, unpublished memorandum at 1-2 (Pa. Super. filed Jan. 16, 2015) (hereinafter,

*(Footnote Continued Next Page)*

convicted of the above-stated offenses. On September 16, 2013, the trial court sentenced Appellant to an aggregate term of 14 to 28 years' imprisonment. Appellant's sentence included a five-year mandatory minimum term of incarceration for his PWID offense under 42 Pa.C.S. § 9712.1 (Sentences for certain drug offenses committed with firearms).

Appellant filed a timely direct appeal, *see Williams I*, raising various claims, including a challenge to the discretionary aspects of his sentence. Specifically, Appellant argued, *inter alia*, that his sentence was manifestly excessive because the court imposed consecutive, rather than concurrent, terms of incarceration. Appellant also alleged that the trial court stated insufficient reasons for imposing consecutive sentences, and that "the [c]ourt allowed its personal displeasure with [] [A]ppellant's exercise of his right to a jury trial as well as an understandable moral reprehension for gun violence … to … impact[] the []court's imposition of consecutive sentences, where concurrent sentences would have more accurately and fairly balanced all the relevant considerations…." Appellant's Brief in *Williams I* at 25-26.

Ultimately, this Court in *Williams I* found Appellant's challenge to his sentence meritless. In reaching this decision, we adopted the trial court's rationale for rejecting Appellant's sentencing claim, as set forth in the court's

*(Footnote Continued)* ─────────

"*Williams I*") (quoting Trial Court Opinion (TCO I), 2/21/14, at 1-2 (citations to the record omitted)).

Pa.R.A.P. 1925(a) opinion. **See Williams I**, No. 3261 EDA 2013, at 4; **see also** TCO I at 19-22.

However, the **Williams I** panel went on to *sua sponte* conclude that Appellant's mandatory minimum sentence imposed under 42 Pa.C.S. § 9712.1 was illegal under **Commonwealth v. Newman**, 99 A.2d 86 (Pa. Super. 2014) (*en banc*) (holding that in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), section 9712.1 was unconstitutional in its entirety). **See Williams I**, No. 3261 EDA 2013, at 5-6. Consequently, the **Williams I** panel vacated Appellant's judgment of sentence and remanded, stating that Appellant "must be resentenced without regard to section 9712.1." **Williams I**, No. 3261 EDA 2013, at 6.

On remand, the trial court conducted a second sentencing hearing on May 15, 2015, and ultimately resentenced Appellant to the same terms of incarceration as it had originally imposed at the 2013 sentencing proceeding, although without any mandatory minimum sentence. Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, and a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued a Rule 1925(a) opinion on October 15, 2015 (hereinafter "TCO II").

Herein, Appellant presents one issue for our review:

1. The trial court abused its discretion in sentencing [A]ppellant to an unreasonable and excessive term in light of the circumstances of the case, most significantly the consecutive

sentences for several overlapping firearm charges, the court's failure to state sufficient reasons on the record for the sentence imposed, and in the court's apparent vindictiveness towards [A]ppellant for exercising his right to a jury trial.

Appellant's Brief at 8.

In addressing Appellant's issue, we are mindful of the following legal principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> *Commonwealth v. Hoch*, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

> The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Hoch*, 936 A.2d at 518 (citation omitted). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

> *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014).

Here, Appellant filed a timely notice of appeal, and preserved his sentencing claim in a post-sentence motion. His brief also complies with our appellate rules, as it contains a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. *See* Appellant's Brief at 9. The entirety of that Rule 2119(f) statement provides as follows:

> Allowance of appeal of discretionary aspects of [A]ppellant's sentence should be granted because there is a substantial question that the sentence imposed herein is contrary to the fundamental norms which underlie the sentencing process, most significantly where, after the case was remanded by the Superior Court for resentencing, the trial court simply resentenced [A]ppellant to a term of incarceration of 14 to 28 years, primarily accomplished by running consecutive sentences for several overlapping firearms charges, which under the circumstances of this particular case should have been run concurrently and where the trial court failed to reasonably articulate a legitimate basis for such an excessive sentence and obviously punished [A]ppellant for exercising his right to a jury trial by sentencing him to an excessive term of incarceration.

*Id.*

Initially, we stress that "[t]he determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003) (citing *Commonwealth v. Maneval*, 688 A.2d 1198, 1199-1200 (Pa. Super. 1997)). Under the specific procedural posture of this case, we conclude that Appellant has not presented a substantial question for our review. This Court in *Williams I* rejected the very same claims Appellant now raises herein, *i.e.*, his attack on the court's imposition of consecutive

- 5 -

sentences, his claim that the court failed to state a reasonable basis for its sentence of 14 to 28 years, and his assertion that the court improperly punished him for exercising his right to a jury trial.

Appellant does not explain how his present claims differ from those presented in his appeal before the **Williams I** panel. Indeed, our review of his argument before that panel reveals that it mirrors the argument he presents herein. **See** Appellant's Brief in **Williams I** at 19-26; Appellant's Brief at 15-21. Additionally, the trial court's rationale for imposing Appellant's aggregate sentence in 2013 is substantially the same as its reasons for re-imposing that same aggregate term, absent the mandatory minimum sentence. **See** TCO I at 19-22; TCO II, 10/15/15, at 3-7. The **Williams I** panel not only assessed that rationale and concluded that it did not constitute an abuse of discretion, but the **Williams I** panel also *adopted* the court's rationale as its own in affirming Appellant's judgment of sentence. Because Appellant reiterates the same argument that was unsuccessful before the **Williams I** panel, we cannot reassess those claims herein. **See Commonwealth v. Beck**, 78 A.3d 656, 659 (Pa. Super. 2013) (stating that a three-judge panel "is not empowered to overrule another panel of the Superior Court") (citations omitted).

Additionally, the only assertion presented by Appellant that was not addressed by the **Williams I** panel is his claim that the court erred by "simply resentence[ing] [him] to a term of incarceration of 14 to 28 years…." Appellant's Brief at 9. Even if we broadly construed Appellant's

statement as challenging the trial court's decision to re-impose the same term of 5 to 10 years' imprisonment for his PWID offense, despite that the mandatory minimum no longer applied, Appellant offers no explanation of how the court's decision in this regard "violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." **Commonwealth v. Coulverson**, 34 A.3d 135, 142 (Pa. Super. 2011) (citation omitted).

Accordingly, we conclude that Appellant has not presented a substantial question warranting our review.[2] Therefore, we affirm Appellant's judgment of sentence.

_____

[2] We acknowledge that in the body of his argument, Appellant presents another claim that is not set forth in his Rule 2119(f) statement. He asserts that the trial court erred by interpreting this Court's "remand order as a command to resentence [Appellant] on only Count One, [PWID]…." TCO II at 3. The court elaborated, stating:

> Although the remand order in the case at bar does not contain the language "limited resentencing," the intent of the Superior Court is clear - [Appellant] was to be resentenced on Count One without regard to the five-year mandatory minimum sentence mandated by section 9712.1. The issue of whether the sentences for the various [other] counts should be concurrent or consecutive was not the subject of the remand order. The law is clear that when a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed. **Commonwealth v. Lawson**, 789 A.2d 252 (Pa. Super. 2001); **Commonwealth v. Jackson**, 765 A.2d 389 (Pa. Super. 2000).

**Id.** While Appellant attacks the trial court's interpretation of our remand order, we conclude that the court's reading of our decision in **Williams I** is correct. If the **Williams I** panel had intended that the trial court resentence Appellant on *all* counts, we would *not* have assessed Appellant's challenge to
*(Footnote Continued Next Page)*

Judgment of sentence is affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/14/2016</u>

_(Footnote Continued)_ ————————

the discretionary aspects of his sentence, specifically the consecutive nature of the court's 2013 sentence.  Because the **Williams I** panel _did address_ that issue, it supports the trial court's conclusion that **William I**'s remand for resentencing was limited to the PWID offense only.