J-A17044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERRY FORD, | |
| Appellant | No. 3294 EDA 2015 |

Appeal from the Judgment of Sentence September 30, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009903-2011

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 08, 2017**

Appellant, Perry Ford,[1] appeals from the judgment of sentence imposed following his re-sentencing.  Specifically, he challenges his new sentence as excessive.  Appellant also raises numerous claims which were previously litigated, or are waived.  We affirm.

This case returns to us on appeal, after the trial court resentenced Appellant pursuant to a remand from a previous panel of this Court.  (**See Commonwealth v. Ford**, No. 3125 EDA 2013, 2015 WL 7572950,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant insisted to the trial court judge that he was no longer Perry Ford, and wanted to be known as Faaruk Hasiym-Bey.  (**See** N.T. Sentencing, 9/30/15, at 4-14).  Appellant also goes by half a dozen other aliases.  (**See Commonwealth v. Ford**, Criminal Docket, at 4 of 26).

(unpublished memorandum at *4) (Pa. Super. filed February 4, 2015));
(*see also* N.T. Sentencing, 9/30/15).

Following a bench trial from January 23 to January 25, 2013, the trial court convicted Appellant of unlawful contact with a minor, 18 Pa.C.S.A. § 6318(a)(1) (F3), indecent assault by forcible compulsion, 18 Pa.C.S.A. § 3126(a)(2) (M1); indecent exposure, 18 Pa.C.S.A. § 3127(a) (M1); simple assault, 18 Pa.C.S.A. § 2701(a) (M2); and corruption of minors, 18 Pa.C.S.A. § 6301. (*See* N.T. Trial, 1/25/13, at 5). The court acquitted Appellant of rape, involuntary deviate sexual intercourse, unlawful restraint, statutory sexual assault, sexual assault, false imprisonment, recklessly endangering another person, and endangering the welfare of a child. (*See id.*).

Appellant's conviction arose out of his assault, on May 28, 2011, of a neighborhood child, while he was outside on the street, putting her in a headlock, and rubbing his exposed penis between the victim's buttocks. This occurred around 7:30 p.m., (still daylight), in front of other neighbors, including the victim's mother. (*See* Trial Court Opinion, 6/30/14, at 3). The victim, eleven years of age at the time, was a mentally challenged child who could only function at the pre-kindergarten level. Born on April 21, 1975, Appellant was thirty-six at the time of the incident.

An angry crowd of onlookers prevented Appellant from doing anything more, and they summoned the police. The police arrested Appellant and

took him to a hospital to treat a bruised lip. He gave them a statement which essentially confirmed the entire course of events.

Before trial, Appellant moved to suppress his incriminating statement, claiming he was high on PCP when he gave it; in fact, he further claimed that he had been a long-term daily PCP user. The trial court denied suppression. On the eve of trial, Appellant made a motion to dismiss his counsel and have new counsel appointed for him. The trial court denied the motion. After his conviction, the court sentenced Appellant to a term of not less than eight nor more than sixteen years of incarceration in a state correctional institution. (**See Ford**, **supra** at *3).

On his first appeal, Appellant raised three questions, challenging the denial of his motion to suppress his statement, the denial of his motion to change counsel, and challenging his sentence as excessive. (**See id.** at *4).

Our predecessor panel concluded all of Appellant's claims of trial error were devoid of merit. (**See id.** at *15). However, after noting inconsistent references in the sentencing materials to whether the conviction of corruption of minors was for section 6301(a)(1)(i), a misdemeanor, or section 6301(a)(1)(ii), a felony, the panel vacated sentence and remanded to the trial court for clarification of the grading of the sentence.[2] (**See id.** at *12-14).

---

[2] **(a) Offense defined.**—
*(Footnote Continued Next Page)*

The trial court held a new sentencing hearing on September 30, 2015. The court expressly considered Appellant's presentence investigation report (PSI). (*See* N.T. Sentencing, 9/30/15, at 37-38). The court also considered Appellant's long criminal history, beginning with an adjudication of delinquency for possession with intent to deliver, when he was sixteen. The court noted adult convictions for violation of the Uniform Firearms Act, conspiracy to engage in forgery, knowing and intelligent possession, and retail theft, in all, eleven arrests, six convictions, one violation, and one past commitment. (*See id.* at 37-40). The court agreed with the father of the victim, that Appellant's attack on a mentally challenged child was "exceptionally serious," and "abominable and gruesome." (*Id*. at 35).

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
>
> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(i), (ii).

The sentencing court confirmed that it intended to convict Appellant of corruption of minors as a misdemeanor, not a felony. Accordingly, it reduced the aggregate sentence to a term of not less than seven years, nor more than fourteen years of imprisonment. (**See id.** at 44). Appellant's post-sentence motion was denied by operation of law.

This appeal followed.

Appellant raises five questions on appeal:

I. Whether the sentence imposed was improper or excessively punitive or purely based on emotion[?]

II. Whether the Appellant's statement, while under the influence of PCP, should have been suppressed[?]

III. Whether the evidence was insufficient to sustain a verdict of guilty[?]

IV. Whether the verdict was against the weight of the evidence where the testimony was non-existent and insufficient to prove any charge[?]

V. Whether it was error to deny Appellant his right to counsel of choice at sentencing[?]

(Appellant's Brief, at 9) (unnecessary capitalization omitted).[3]

Preliminarily, we note that Appellant's second question (denial of motion to suppress inculpatory statement), and fifth question (denial of motion to change counsel, to the extent it refers to the eve of trial) were

---

[3] In the brief, Appellant repeatedly attempts to incorporate by reference "all prior arguments." (**Id.** at 23, 26, 27, 30). Incorporation by reference is inappropriate on appeal. **See Wilson v. U.S. Sec. Assocs., Inc.**, ---A.3d ----, 2017 WL 3034031 at n.30 (Pa. Super. filed July 18, 2017).

previously litigated.[4]  Our predecessor panel has already reviewed these claims and denied them on the merits.  (***See Ford***, ***supra*** at *4-*11, *15).  Appellant's new claim, not previously raised with the trial court, is that he was denied a change of counsel at sentencing.  (***See*** Appellant's Brief, at 30-31).  Appellant concedes that his claim of an objection to the trial court is not supported by the record.  (***See id.*** at 31).  ***See Commonwealth v. O'Black***, 897 A.2d 1234, 1240 (Pa. Super. 2006) (holding that "our review is limited to those facts which are contained in the certified record" and what is not contained in the certified record "does not exist for purposes of our review.") (citation omitted).  These claims are waived.

Appellant's third claim, insufficiency of the evidence, is also waived.  Appellant fails to develop an argument that the evidence was insufficient for any, let alone all, of his convictions.  (***See*** Appellant's Brief, at 26-27).  Instead, Appellant merely recites caselaw for the general principles underlying sufficiency, without, however, relating these general principles to any specific claim on appeal.  As previously noted, incorporation by reference is inappropriate on appeal.

_____

[4] We observe that although Appellant challenges the denial of choice of counsel at **sentencing**, (***see*** Appellant's brief, at 9), he argues that he was denied his request for change of counsel by the **pre-trial** court, an argument he apparently made in his previous appeal.  (***See id.*** at 30-31).  Appellant's challenge to the denial of change of counsel on the eve of trial was previously litigated and merits no relief.  Appellant's challenge to the purported denial of change of counsel at sentencing is waived for failure to raise it with the trial court, (as noted in the text), or in his prior appeal.

In fact, Appellant does not discuss the specific facts of the case at all. (**See id.**). It is not the role of this Court to scour the record to find evidence to support Appellant's arguments. **See J.J. DeLuca Co. v. Toll Naval Assocs.**, 56 A.3d 402, 411 (Pa. Super. 2012). Accordingly, Appellant's third claim is waived. Moreover, it would merit no relief.

"The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Andrulewicz**, 911 A.2d 162, 165 (Pa. Super. 2006), *appeal denied*, 926 A.2d 972 (Pa. 2007) (citation omitted).

Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we have no hesitation in concluding that the Commonwealth presented sufficient evidence, including Appellant's own inculpatory statement to the police, for each element of each of Appellant's convictions, beyond a reasonable doubt. His insufficiency claims would not merit relief.

Appellant's remaining attempts to litigate issues other than sentencing are devoid of merit. As a general principle, the review of issues on remand is limited to those issues specified by the appellate court. **See** Pa.R.A.P. 2591(a); **see also Commonwealth v. Sepulveda**, 144 A.3d 1270, 1279– 80 (Pa. 2016). Moreover, where a case is remanded to resolve a limited

issue, only matters related to the issue on remand may be appealed. ***See***

***Commonwealth v. Jackson****,* 765 A.2d 389, 395 (Pa. Super. 2000), *appeal*

*denied*, 793 A.2d 905 (Pa. 2002).

Accordingly, Appellant's fourth claim, a boilerplate weight claim intermixed with an assertion of insufficiency, is beyond the scope of appellate review. (***See*** Appellant's Brief, at 27-30). Moreover, to avoid further confusion, we confirm that even if reviewable, the claim would not merit relief.

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion.

***Commonwealth v. Widmer***, 744 A.2d 745, 751–52 (Pa. 2000) (citations

and footnote omitted)

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the

> lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (quoting *Widmer, supra* at 753 (emphasis added in original)) (citation omitted).

Here, on independent review, we would discern no basis on which to disturb the verdict of the trial court. Appellant baldly asserts that the evidence was contradictory (without identifying the contradictions), and notes the incapacity of the mentally challenged victim. (*See* Appellant's Brief, at 27-30).

It was the role of the trial court sitting as factfinder in the bench trial to weigh the evidence and to accept all, part or none of it. The trial court's verdict does not shock the conscience of this Court. Even if review of Appellant's weight claim were available on this remand, it would not merit relief.

Next, we address Appellant's sentencing issue. Here, in pertinent part, our predecessor panel remanded on the issue of illegality of sentence, but expressly permitted Appellant to raise "any sentencing issue that may arise from said resentencing." (*Ford*, *supra* at *14). Appellant concedes that his new sentence is not illegal. (*See* Appellant's Brief at 15). Accordingly, the only issue properly before us is Appellant's claim of an excessive sentence. Appellant's claim of excessiveness involves the discretionary aspects of his sentence.

There is no automatic right to appeal the discretionary aspects of a sentence. *See **Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002). Instead, the defendant must petition this Court for leave to appeal by presenting in his brief a separate Rule 2119(f) statement. *See* Pa.R.A.P. 2119(f); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 19 (Pa. 1987); ***Commonwealth v. Lewis***, 911 A.2d 558, 567 (Pa. Super. 2006). In that Rule 2119(f) statement, an appellant must prove that there is a substantial question of whether his sentence is appropriate under 42 Pa.C.S. § 9781. *See **Commonwealth v. Yeomans***, 24 A.3d 1044, 1049 (Pa. Super. 2011).

Here, Appellant claims that the trial court failed to give adequate weight to mitigating or positive factors with regard to him. (*See* Appellant's Brief, at 16). He claims, *inter alia*, that he is no longer addicted to PCP, and that he apologized to the victim's family.

> [T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. Accordingly, we conclude Appellant's argument that the trial court failed to give adequate weight to mitigating factors does not present a substantial question appropriate for our review.

***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Additionally, where, as here, the trial court had the benefit of a presentence investigation report, it is presumed that it considered the relevant mitigating factors. *See **Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004) ("[W]here the sentencing judge had the benefit of a

presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

Appellant fails to present a substantial question. Moreover, even if we were to determine that Appellant's claim did raise a substantial question, we would find no merit to his underlying allegation. Our standard of review of a sentencing challenge is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied,* 63 A.3d 774 (Pa. 2013) (citation omitted). Here, Appellant fails to demonstrate an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017

- 11 -